STEENBERG CONSTRUCTION CO. v. HARLYN H. "LEFTY" ROHR AND OTHERS.

207 N. W. 2d 722.

May 11, 1973—No. 43704.

*Speeter, Johnson, Hautman & Olson* and *Vincent E. Johnson,* for appellants.

*Arthur D. Walsh,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, and Gillespie, JJ.

PER CURIAM.

Plaintiff instituted this action to recover the balance due on an alleged oral agreement by defendant Rohr, a dealer in new and used construction equipment, to pay a $10,000 debt. The debt arose out of an admitted 1966 sale to a third party of a "front end loader" owned by plaintiff. The complaint alleged liability for the balance of the debt against both defendant Rohr personally and defendant Equipcon Corporation as well as other corporations alleged to be wholly owned and controlled by defendant Rohr. The answer admitted the liability of defendant Equipcon Corporation but denied the personal liability of defendant Rohr. Defendant Rohr's denial was essentially based upon the claim that a letter by plaintiff to him setting forth what plaintiff believed was Rohr's oral agreement to pay the debt in installments was not accepted by him personally but only on behalf of defendant Equipcon Corporation.

The only issue submitted to the jury by special verdict was whether or not defendant Rohr was personally liable for the stipulated balance due. The jury found on disputed evidence that he was, and contrary to his assertion, the evidence overwhelmingly supports the verdict.

Apart from defendant's claim of prejudice that the court erred in delaying until the close of the testimony its dismissal of three other named defendant corporations, which is clearly without merit, defendant further contends that the trial court erred in instructing and accepting a five-sixth verdict after 6 hours of deliberation of a six-person jury on the ground that Minn. St. 593.01, authorizing a jury of six, arguably requires a unanimous verdict. Defendant neither objected following the court's giving of the instruction nor raised the issue in his post-trial motion. It is elementary that as a reviewing court we do not pass on issues raised for the first time on appeal. See, Knutson v. Arrigoni Brothers Co. 275 Minn. 408, 414, 147 N. W. 2d 561, 566 (1966).

Affirmed.