GROVER-DIMOND ASSOCIATES, INC. v. AMERICAN
ARBITRATION ASSOCIATION AND OTHERS.

211 N. W. 2d 787.

September 28, 1973—No. 43721.

*Meagher, Geer, Markham & Anderson, Clyde F. Anderson,* and *O. C. Adamson II,* for appellant.

*Doherty, Rumble & Butler, John J. McGirl, Jr., Boyd H. Ratchye,* and *Michael T. McKim,* for respondents Eljay and Northerly Centre.

*Stringer, Donnelly, Allen & Sharood* and *Henry H. Cowie, Jr.,* for respondent Naugle-Leck.

Heard before Knutson, C. J., and Otis, Peterson, and Todd, JJ.

OTIS, JUSTICE.

The issue on this appeal is whether arbitration proceedings between a building owner and its contractor may be conducted jointly with an arbitration between the owner and its architect. The trial court denied the architect's motion to prohibit joint arbitration and the architect appeals. We affirm.

These proceedings arise out of the construction of the Capital Centre Skyway Building by the owners, Eljay Partnership and Northerly Centre Corporation, in downtown St. Paul. Northerly Centre retained as architect, Grover-Dimond Associates, Inc., under a contract which contained the following arbitration provision:

"Arbitration of all questions in dispute under this Agreement shall be at the choice of either party and shall be in accordance

with the provisions, then obtaining, of the Standard Form of Arbitration Procedure of The American Institute of Architects. This Agreement shall be specifically enforceable under the prevailing arbitration law and judgment upon the award rendered may be entered in the court of the forum, state or federal, having jurisdiction. The decisions of the arbitrators shall be a condition precedent to the right of any legal action."

The general contractor was Naugle-Leck, Incorporated, whose contract with the owners also contained an arbitration provision. It is the owners' contention that in the course of construction unauthorized expenses amounting to $1,476,759.09 were incurred by the architect and the contractors. The owners thereupon sought joint arbitration to which the contractor ultimately consented but which the architect has resisted in the trial court and in this court.

Nothing in the various arbitration provisions or in the statute expressly deals with the question of joint arbitration. The architect relies on the following provisions of Minn. St. 572.09(b):

"On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. Such an issue, when in substantial and bona fide dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration."

The architect correctly points out that the right to arbitrate is governed by contract and the parties may fashion whatever agreement they wish to limit the scope of the proceedings. In opposing joint arbitration, the architect objects to requiring a party "to arbitrate the claims of strangers and have strangers meddle in the arbitration of claims against him." However, no party to this litigation is being required to arbitrate its claims for or against a stranger. The owners are entitled to arbitrate their dispute with the contractor and their dispute with the architect. There is no suggestion that the architect and contrac-

tor are obliged to arbitrate their differences in that proceeding. The only question is whether the two arbitration matters demanded by the owners should be heard at the same time and place or whether they should be heard separately.

Clearly, it is the policy of this state, as reflected by Minn. St. c. 572 and by our decisions, to encourage arbitration as a "speedy, informal, and relatively inexpensive procedure for resolving controversies arising out of commercial transactions." Layne-Minnesota Co. v. Regents of the University, 266 Minn. 284, 287, 123 N. W. 2d 371, 374 (1963). We do not in this state "intend to revive or encourage the historical common-law animosity toward arbitration in general." Atcas v. Credit Clearing Corp. of America, 292 Minn. 334, 349, 197 N. W. 2d 448, 457 (1972). While, of course, an explicit agreement by the parties prevails over the Rules of Civil Procedure, it may be noted that both joinder and consolidation are authorized under Rules 19 and 42.

Little authority on the right to joint arbitration has come to our attention.[1] The Court of Appeals of Michigan in J. Brodie & Son, Inc. v. George A. Fuller Co. 16 Mich. App. 137, 167 N. W. 2d 886 (1969), refused to approve joint arbitration where the owner's agreement with the contractor provided for arbitration and the contractor's agreement with its subcontractors had a similar provision, but no arbitration agreement existed between the owner and the subcontractors. Neither the contractor nor the owner wished joint arbitration. The court held that in the absence of any privity, the subcontractors could not bypass the contractor or even join it to arbitrate with the owner with whom

---

[1] Domke, Commercial Arbitration, § 27.02, without supporting citations, states the rule thus: "The general rule is that a court *may* order consolidation of arbitration proceedings where the parties are not the same if the issues are substantially the same and if no substantial right is prejudiced. Thus, where two contracts containing broad arbitration clauses have different provisions as to the amount of goods and the price, but where the same witnesses would be called and the same testimony heard by the same persons in each proceeding, the two (or more) may be consolidated."

they had no contractual relationship. In the instant case, the owners seek only to arbitrate with those who have agreed to do so.

The Superior Court of New Jersey in Wm. C. Blanchard Co. v. Beach Concrete Co. Inc. 121 N. J. Super. 418, 297 A. 2d 587 (1972), declined to grant joint arbitration to an owner, contractor, and subcontractors in the absence of an express provision in the arbitration contracts or legislation authorizing consolidation. We believe that New York has adopted the better rule and one which we elect to follow. Matter of Adam Consolidated Industries, 6 App. Div. 2d 515, 180 N. Y. S. 2d 507 (1958), and Matter of Symphony Fabrics Corp. 12 N. Y. 2d 409, 240 N. Y. S. 2d 23, 190 N. E. 2d 418 (1963) permitted joint arbitration under the authority of statutes which made arbitration a special proceeding and expressly authorized consolidation in such matters. In the Symphony case, the court noted that the American Arbitration Association rules did not forbid consolidation or joint hearings. Since no prejudice was shown, the court authorized joint arbitration where the same witnesses would be called and the same testimony and evidence introduced if the proceedings were held separately.

Following repeal of the statute making arbitration a special proceeding, in Matter of Chariot Textiles Corp. 21 App. Div. 2d 762, 250 N. Y. S. 2d 493 (1964), the New York Supreme Court, Appellate Division, with one justice dissenting, reversed a lower court order consolidating three arbitration proceedings. The New York Court of Appeals in 18 N. Y. 2d 793, 275 N. Y. S. 2d 382, 221 N. E. 2d 913 (1966), in turn reversed, adopting the dissenting opinion of the Appellate Division, which had stated that the repeal of the statute did not preclude the existence of other grounds for allowing consolidation, that the New York arbitration statute provides that an agreement to arbitrate confers jurisdiction on the courts to enforce it, and that such jurisdiction "imports power to regulate the method of enforcement." 21 App. Div. 2d 764, 250 N. Y. S. 2d 495. Under Minn. St. 572.09

(a), our courts may also order parties to proceed with arbitration, and under § 572.21, an order confirming an award may be enforced as any other judgment.

More recently, in Matter of Vigo SS. Corp. 26 N. Y. 2d 157, 309 N. Y. S. 2d 165, 257 N. E. 2d 624 (1970), a litigant who chartered a ship which was damaged when it was under charter to a third person was granted joint arbitration with the ship owner and the third person. The court found no prejudice to the parties and noted that it was clear there were common questions of law and fact as to the amount of damages and the liability of the parties.

"* * * [C]onsolidation will make it possible to determine those issues in one proceeding involving all of the interested parties and to avoid the possibility of conflicting awards as well as the additional time and expense of separate proceedings." (26 N. Y. 2d 167, 309 N. Y. S. 168, 257 N. E. 2d 626.)

The United States Court of Appeals for the Second Circuit reached a similar result in Columbia Broadcasting System, Inc. v. American Recording & Broadcasting Assn. 414 F. 2d 1326, 1329 (2 Cir. 1969), where it quoted with approval the trial court's opinion stating:

"Compelling all three parties to the dispute to submit their grievances to the same arbitration is practicable, economical and convenient for the parties and the arbitrator. It is sound because it not only avoids duplication of effort but the possibility of conflicting awards."

In the case before us, the parties have already agreed to use the same arbitrators. To require that they hear the same evidence twice is to ascribe to the parties an intention not expressed in their agreements. If the arbitration agreements explicitly provided for joint or separate hearings, the agreements would, of course, govern. In the absence of such language, and where there is no showing of prejudice, we hold that the order directing joint arbitration reflects the policy of our arbitration statute and

furthers its purpose. It is obvious from an examination of claims made by the architect and the contractor that each will blame the other for incurring the expenses which the owners contend were unauthorized. This is not a case of requiring a party to join in a proceeding against a stranger. The architect and contractor are not obligated to arbitrate their dispute with one another.

Whether these matters be treated as concurrent, joint, or consolidated hearings, it is manifestly in the interest of justice that all of the issues raised by the owners be laid to rest in one proceeding.

Affirmed.

MR. JUSTICE YETKA and MR. JUSTICE SCOTT, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.