MORK & ASSOCIATES, INC. v.
JOSEPH N. JACKSON AND ANOTHER.

231 N. W. 2d 303.

June 20, 1975—No. 45294.

*Bradley J. Martinson,* for appellant.

*Gray, Plant, Mooty & Anderson* and *Jeffrey J. Keyes,* for respondents.

Heard before Kelly, MacLaughlin, and Scott, JJ., and considered and decided by the court en banc.

SCOTT, JUSTICE.

This is an appeal from a judgment of the Hennepin County

District Court entered pursuant to an order denying appellant's motion to modify or vacate an arbitration award in favor of respondents in the amount of $7,000 plus $546.66 for the fees of arbitration. We affirm.

The only issue seems to be whether sufficient evidence was presented to the district court upon which to set aside or modify the arbitration award.

On May 27, 1971, a fire caused extensive damage to the home of respondents. As a result, they entered into an agreement with appellant to repair and remodel the home at a cost of $21,160. The agreement was signed on October 29, 1971, and work was commenced in November 1971. Respondents claim that the date of completion agreed upon was December 25, 1971, although there is no evidence of this in the record. On March 3, 1972, respondents paid appellant the sum of $11,000 as partial payment for the work completed and terminated appellant's services on the bases of unsatisfactory performance and the significant delay in completing the work.

Appellant then filed a mechanics lien statement for $7,994, based upon the reasonable value of the work and material in place at the time of the alleged breach. A foreclosure action was commenced against the respondents on June 22, 1972. Respondents filed an answer and asserted a counterclaim for the difference between the amount paid and the value of the work performed.

On August 22, 1973, appellant demanded arbitration upon its claim of $7,994, as provided in the agreement, in the event of default by either party. Respondents filed an answering statement and counterclaim alleging that appellant had failed to complete the work covered by the contract, that it breached the contract for repair and remodeling by utilizing inferior materials and labor, that it failed to complete the work within the time specified, and that it failed to select and contract with competent subcontractors. Respondents further alleged that the $11,000 paid to appellant and the additional amount charged by appellant were unreasonable and excessive in light of the work performed.

The parties mutually selected Mr. William J. Miller, an architect, as arbitrator. Court proceedings were suspended during the time required for arbitration. The hearing was scheduled to commence on November 14, 1973, but was continued at appellant's request until December 4, 1973. Hearings were conducted pursuant to procedures established by Minn. St. c. 572, and the American Arbitration Association implementing the Construction Industry Arbitration Rules, and both parties presented evidence. Witnesses for appellant included Dempsey Mork, its president, and Jack Storm, a carpenter and subcontractor of appellant who had personally worked on respondents' home. Respondents testified, as well as Theodore Macienjny, as an expert repair and remodeling contractor on behalf of respondents. A tour through respondents' home was conducted at 11 a. m. on December 14, 1973. Appellant claims that Mr. Mork had to leave the house at 12 p. m. for another engagement and that testimony was taken in his absence. There were no earlier claims as to this defect apart from information in the affidavit from the arbitrator, as follows:

"* * * Mr. Mork stated that he and Mr. Storm desired to leave. Affiant told Mr. Mork that he could be present and that if he had to leave the viewing could be continued until he could be present. However, Mr. Mork insisted that it was fine to finish without his presence. At no time did Mr. Mork request a continuance of the viewing until a later time. In fact, he insisted that the viewing be completed despite his absence. Both Mr. Mork and Mr. Storm left, and in a short period of time affiant completed the viewing and left."

The final hearing was held on December 28, 1973, at which time appellant executed a stipulation stating that upon decision by the arbitrator, or upon payment by respondents of any amount required by the decision to be paid to appellant, the latter would dismiss the pending action for foreclosure of the mechanics lien.

There were no objections made to any of the arbitration proceedings until after the award was issued by the arbitrator.

The amounts claimed by the various parties were as follows: Appellant sought $7,994 in addition to the $11,000 already received on account from respondents; respondents claimed the amount necessary for completion of the job after termination of the appellant's contract—$16,989.14—as well as interest and damages for inconvenience and delay.

The arbitrator issued his award to respondents in the amount of $7,000 plus the arbitration fees. Thereafter, appellant moved the district court to vacate the award on the grounds that it was procured by fraud and other undue means. Respondents moved for a confirmation. The district court stated that there was no basis shown for modifying or setting aside of the arbitration award and therefore it was confirmed.

The first contention by appellant is that where an arbitrator's award is grossly excessive, inadequate, or based on fundamental error, it must be vacated, citing Glidden Co. v. Retail Hardware Mut. Fire Ins. Co. 181 Minn. 518, 233 N. W. 310 (1930). Appellant also claims that the arbitrator's award is in contravention of public policy in that the materialmen here have not been properly compensated for labor and material supplied. Minn. St. 514.01 et seq. Appellant's final contention is that under Minn. St. 572.12 an arbitrator's award must be vacated when the arbitrator fails to postpone a hearing for good cause shown and receives evidence in the absence of one of the parties.

The first two contentions mentioned above appear to be mere conclusions without any basis in fact. Concerning the third contention, it seems clear that under the facts of this case the district court could find that there was no violation of appellant's right to be present during an arbitration proceeding.

Respondents concentrate heavily upon a presumed contention of appellant that respondents have waived their claim and have allegedly breached the contract. There is no allegation to this effect in the record, there is no evidence of such, and no objections

were made during the proceedings. Therefore, any challenge made on those grounds would not be proper here. Steenberg Const. Co. v. Rohr, 296 Minn. 512, 207 N. W. 2d 722 (1973).

The case of Grudem Brothers Co. v. Great Western Piping Corp. 297 Minn. 313, 213 N. W. 2d 920 (1973), is conclusively determinative of the standard to be employed by the court in reviewing arbitration awards. In declaring that there is a presumption of validity, the court stated (297 Minn. 316, 213 N. W. 2d 922):

"The arbitrators make the final determination of all questions submitted to them whether legal or factual. The court will not overturn these conclusions even if it believes the arbitrators made an incorrect conclusion. If arbitrators' decisions were subject to reconsideration by the courts, arbitration proceedings would work merely to delay final decisions of controversies rather than bring them to speedy resolution."

In its claim of fraud, appellant must sustain its burden "by clear allegations and proof." Mork v. Eureka-Security Fire & Marine Ins. Co. 230 Minn. 382, 391, 42 N. W. 2d 33, 38 (1950). Such burden has not been sustained.

Appellant failed at any time during the proceedings to object to the manner in which they were conducted. It further failed to establish factual evidence of fraud to support its contention that the arbitrator's award must be set aside when induced by fraud. To claim that the award is grossly excessive must have some factual support which is totally lacking by the record.

This court has shown great deference to the speedy and efficient arbitration proceedings and has set rather onerous standards for their reversal. The district court's conclusion that no basis was shown to require modification or vacation of the award is wholly supported by the record.

Affirmed.