BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF CINCINNATI, APPELLANT, *v.* MIDWEST ELECTRIC COMPANY, INC., ET AL., APPELLEES.

(No. C-800532—Decided December 17, 1980.)

*Mr. Richard A. Castellini,* city solicitor, *Mr. Ely M. T. Ryder* and *Ms. Patricia W. Morrison,* for appellant.

*Messrs. Rendigs, Fry, Kiely & Dennis* and *Mr. Thomas S. Shore, Jr.,* for appellee Midwest Electric Company, Inc.

*Mr. Pierce E. Cunningham* and *Ms. Deborah A. Nellis,* for appellee Hillsmith Construction Company.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

On October 11, 1976, the plaintiff-appellant, Board of Education of the City School District of the City of Cincinnati (the Board), entered into a contract with defendant-appellee Hillsmith Construc-tion Company (Hillsmith), as general con-tractor, to construct the Chase In-termediate School in Cincinnati. The Board also entered into a contract with defendant-appellee Midwest Electric Company (Midwest) for electrical work on the project. Both contracts contain the following arbitration clause:

"All claims, disputes and other mat-ters in question arising out of, or relating to, this Contract or the breach thereof * * * shall be decided by arbitration in accordance with the Construction In-dustry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree other-wise. This agreement to arbitrate shall be specifically enforceable under the prevail-ing arbitration law. The award rendered by the arbitrators shall be final, and judg-ment may be entered upon it in accord-ance with applicable law in any court hav-ing jurisdiction thereof."

Work was scheduled to be completed in September 1977; but, because of delays, the building was not completed until November 1979. Each of the ap-pellees thereafter filed a demand for ar-bitration, and the two cases are now pen-ding before the American Arbitration Association.

On February 15, 1980, the Board filed a complaint in the Court of Common Pleas, seeking an injunction to compel Hillsmith and Midwest to consolidate the two separate arbitration proceedings. On appellees' motion, the Court of Common Pleas dismissed the Board's complaint and denied its motion for an injunction. The Board now appeals.

The first assignment charges that the court erred in granting appellees' motion to dismiss, and the second assignment asserts that the court erred in refusing to grant injunctive relief to the Board. We shall consider the latter assignment first, for we believe that it addresses the cen-tral issue in this appeal: whether the Board can demonstrate a clear legal right to an order of consolidation.

Appellant presents the following issue for review:

"A court of equity shall compel two contractors to arbitrate their claims for delay damages in a consolidated arbitration proceeding where both claims arise from the same construction project and both claims contain common questions of law and fact."

Civ. R. 42(A) provides that a court may order consolidation of pending actions which involve a common question of law or fact. Appellant argues that this principle — which avoids multiple litigation, minimizes costs, and avoids inconsistent awards — should be applied to compel consolidation of cases pending before an arbitration board. We agree that it would seem more efficient for the cases to be heard together by the arbitrator. However, we find no basis in R.C. Chapter 2711, the statutes which authorize arbitration and prescribe the relationship of the courts to matters in arbitration, for a court to order the arbitration board to consolidate cases on its docket. In fact, R.C. 2711.02 provides that a court shall *stay* the trial of an action before it until arbitration has been completed if the court is satisfied that the issue in the suit is referable to arbitration under a written agreement of the parties. If the court must thus defer to the contractual agreement of the parties when an action concerning an issue properly referable to arbitration has been filed, it would seem that, *a fortiori,* once an issue is properly pending in arbitration according to a contractual agreement, the court should defer to the procedural rules adopted by the arbitration association.

The Board cites no Ohio cases, and we have discovered none, which deal with the issue before us. Some courts in other jurisdictions have allowed consolidation, while others have refused to order it. In *Grover-Dimond Associates, Inc.,* v. *American Arbitration Assn.* (1973), 297 Minn. 324, 211 N.W.2d 787, the Supreme Court of Minnesota ordered consolidation of cases in arbitration between the architect and the owner and between the contractor and the owner, even though the contractual language did not so specify and no statute authorized it. The court reasoned that the contract language did not *forbid* consolidation. Additionally, the court indicated that because the agreement to arbitrate "* * * confers jurisdiction on the courts to enforce it, * * * [this] jurisdiction 'imports power to regulate the method of enforcement.'" (Citation omitted.) *Id.,* 297 Minn., at 328, 211 N.W.2d, at 789. The Minnesota court thus adopted the view held by New York courts. Similarly, in *Long Branch Sewerage Authority* v. *Molnar Electrical Contractors, Inc.* (1976), 143 N.J. Super. 492, 363 A.2d 917, consolidation was ordered where the arbitration clauses were identical and all parties had knowledge of the common clauses in the other contracts.

On the other hand, in *Stop & Shop Companies, Inc.,* v. *Gilbane Building Co.* (1973), 364 Mass. 325, 304 N.E.2d 429, the Supreme Judicial Court of Massachusetts refused to compel consolidation of an owner's claims against an architect and a contractor. The court found no statutory authority for ordering consolidation and chose to adhere to the method established by the contract, *i.e.,* arbitration between the contracting parties only. The court also ruled that "* * * [m]atters having to do with the procedure to be followed before the arbitrators are peculiarly for resolution by them. * * *" (Footnote omitted.) *Id.,* 364 Mass., at 330, 304 N.E.2d, at 432.

We agree with the line of reasoning expressed by the Massachusetts court. Ohio statutes provide no authority for a court to order consolidation of proceedings before arbitrators. The contracts *sub judice* do not contain any language with respect to consolidation. Furthermore, since the parties agreed to arbitration " * * * in accordance with the Construction Industry Arbitration

Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise * * *," we do not believe that, in the instant case, a court should interfere with the procedures followed by the arbitrators.

The Board argues that if an injunction is not granted, it will suffer irreparable harm in the risk of inconsistent awards, the expense of multiple arbitrations, and the right to arbitrate its cross-claims. We agree with the trial court that these risks were foreseeable by the Board when it entered into the contracts. In any event, the arbitration procedures probably are flexible enough to devise ways for arriving at a just result with respect to all three parties. The second assignment of error is overruled.

We now turn to the first assignment, that is, that the court erred in granting appellees' motion to dismiss. Having determined that there was no clear legal basis upon which the court below was required to order the relief requested by the Board, we hold that the court properly granted the motion to dismiss. The first assignment of error, therefore, is overruled.

We affirm the judgment of the trial court.

*Judgment affirmed.*

SHANNON, P. J., KEEFE and CASTLE, JJ., concur.