**LAW ENFORCEMENT LABOR SERVICES, INC., and its Local No. 69, Appellant,**

v.

**CITY OF MOORHEAD, et al., Respondents.**

No. C7–83–2004.

Court of Appeals of Minnesota.

May 29, 1984.

Maurice W. O'Brien, Robins, Zelle, Larson &. Kaplan, St. Paul, for appellant.

Robert J. Schaefer, Lamb, Schaefer, McNair & Larson, Ltd., Fargo, N.D., for respondents.

Considered and decided by POPOVICH, C.J., and FORSBERG and RANDALL, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

This is an appeal from an order denying appellant's motion to compel arbitration. Appellant Law Enforcement Labor Services [the union] sought arbitration of a City of Moorhead police department regulation restricting off-duty employment of police officers. We affirm.

## FACTS

The City and the union negotiated a collective bargaining agreement for 1982, which established a grievance procedure providing for the submission of unresolved grievances to binding arbitration. The agreement defined a grievance as a "dispute or disagreement as to the interpretation or application of the specific terms and conditions of this Agreement." Article VII.

The collective bargaining agreement made no reference to off-duty employment obtained by police officers. The agreement provided that any term or condition of employment not "specifically established or modified" by the agreement was to remain within the discretion of the City as employer.

The City thereafter adopted a rule pertaining to off-duty employment for police officers, and, pursuant to this rule, prohibited an employee from continuing his off-duty job. He filed a grievance.

The collective bargaining agreement provides that an employee may be disciplined for "just cause" only. No discipline has been imposed.

## ISSUE

Did the agreement to arbitrate extend to the City's rule restricting off-duty employment?

## ANALYSIS

 The right to arbitrate is governed by contract, *Grover-Dimond Associates v. American Arbitration Ass'n,* 297 Minn. 324, 211 N.W.2d 787 (1973), and the issue of arbitrability must be determined by ascertaining the intent of the parties from the language of the agreement itself. *State v. Berthiaume,* 259 N.W.2d 904 (Minn.1977).

 The parties here included no provision regarding off-duty employment in the collective bargaining agreement, which defined the scope of "terms and conditions of employment" which were subject to arbitration.

This case is governed by the Supreme Court decision in *City of Brooklyn Center v. Minnesota Teamsters,* 271 N.W.2d 315 (Minn.1978). The Court there held that a police department order restricting off-duty employment which was outside the collective bargaining agreement was not subject to the grievance procedures or the arbitration provisions of that agreement.

The same basic facts are presented here. We cannot distinguish *City of Brooklyn Center,* as urged by appellant, on the ground that a constitutional issue was presented in that case. There, a bargaining agreement provision purportedly subjecting constitutional issues to arbitration was advanced and rejected as a basis for arbitrability. The Court was presented as are we, with no collective bargaining agreement provision covering the subject of off-duty employment.

As noted by the trial court, the employee may arbitrate any discipline received for violation of the rule under the "just cause" provision.

## DECISION

The agreement to arbitrate did not extend to the rule restricting off-duty employment.

Affirmed.