**KNUT. CO., Respondent,**

v.

**KNUTSON CONSTRUCTION CO., et al., Appellants.**

**No. C1–88–1353.**

Court of Appeals of Minnesota.

Dec. 27, 1988.
Review Granted Feb. 22, 1989.

**150**

John L. Devney, J. Patrick McDavitt, Briggs and Morgan, St. Paul, for respondent.

Marvin T. Fabyanske, Gary F. Albrecht, Fabyanske, Svoboda, Westra & Davis, St. Paul, for appellants.

Heard, considered and decided by NORTON, P.J., and KALITOWSKI and STONE,* JJ.

## OPINION

KALITOWSKI, Judge.

Appellants challenge the trial court's grant of summary judgment and refusal to compel arbitration in a dispute concerning a promissory note and personal guarantees.

## FACTS

Appellant Knutson Construction Company is a Minnesota corporation formerly named Michael–Curry Construction Co., Inc. Appellant corporation acquired its name through an asset purchase agreement from respondent Knut. Co., formerly Knutson Construction Co. That agreement is the subject of this litigation. Individual appellants John Curry and James Michael are shareholders of appellant corporation, and guaranteed (Guaranty) the payment of a promissory note (Note) given in connection with the transaction. In addition, appellant corporation is a subsidiary of Michael–Curry Companies, Inc. (MCCI); respondent is a new company, whose former company has been transformed to Knutson Shareholders Liquidating Trust (Trust). Further, respondent is a subsidiary owned by Knutson Companies, Inc. (KCI).

At the closing of the transaction, in return for real and personal property, appellants delivered to respondent a certified check, the Note in the amount of $400,000, and the personal Guaranty of the individuals. The Note required two equal payments plus interest; only the first payment was made. The Trust demanded payment from appellant company and the guarantors. Appellants refused to pay alleging set-off because of respondent's default on a separate agreement between the parties. Respondent brought suit in October 1987.

In its answer, appellants raised as affirmative defenses, set-off and the arbitration clause contained in the purchase agreement (Agreement). The Agreement contained numerous exhibits; one exhibit was the Note, another was the Guaranty. Appellants' defense stems from the arbitration paragraph in the Agreement set forth in part as follows:

11.1 *Arbitration.* Any controversy or claim arising out of, or relating to, this Agreement, or the making, performance or interpretation thereof, shall be settled by arbitration in Minneapolis, Minnesota in accordance with the Rules of the American Arbitration Association then existing, and judgment * * * may be entered in any court having jurisdiction * * *. If any legal action * * * is brought for the enforcement of this Agreement, or because of the alleged dispute, breach, default, or misrepresentation in connection with any of the provisions of this Agreement, the successful * * * party * * * shall be entitled to recover reasonable attorneys' fees and

---

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. VI, § 2.

other costs * * * in addition to any other relief to which they may be entitled.

## ISSUE

Did the trial court err in refusing to compel arbitration?

## ANALYSIS

Appellants allege that the arbitration clause contained in the parties' Agreement is applicable to both the Note and the Guaranty. The trial court concluded that due to the negotiability of the Note, appellants did not show the existence of any arbitration agreement applicable to the Note and Guaranty.

█ The Uniform Arbitration Award statutes provide the correct procedure to apply on a motion to compel arbitration. Minn.Stat. § 572.09(a) (1986) provides in part:

> On application of a party showing an agreement described in section 572.08, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied.

The appellate court sits in the same position as the trial judge in determining questions of law. *Lindsey v. Lindsey,* 369 N.W.2d 26 (Minn.Ct.App.1985), *aff'd as modified* 388 N.W.2d 713 (Minn.1986).

█ The scope of an arbitration clause is dependent upon the parties' intent as reflected in the language they have used. *Law Enforcement Labor Services, Inc. v. City of Moorehead,* 348 N.W.2d 405 (Minn. Ct.App.1984). When considering the arbitrability issue, we are mindful of the fact that arbitration has long held favored status under Minnesota law. *See Ramsey County v. AFSCME, Council 91,* 309 N.W. 2d 785, 790 (Minn.1981); *Beebout v. St. Paul Fire & Marine Insurance Co.,* 365 N.W.2d 271, 273 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. May 31, 1985).

"When arbitrability is reasonably debatable, the arbitrators may proceed." *Fryer v. National Union Fire Insurance Co.,* 365 N.W.2d 249, 252 (Minn.1985) (citing *United States Fidelity & Guaranty Co. v. Fruchtman,* 263 N.W.2d 66, 71 (Minn. 1978)).

█ The arbitration language in the parties' Agreement is broad; also, the Note and the Guaranty were both executed at the same time as the Agreement. In addition, there are several places in the Agreement that specifically refer to the Note and the Guaranty.

The Agreement's recitation of consideration specifically mentions the Note, and explicitly states that the Note is subject to the Agreement's terms and conditions. Three other paragraphs in the Agreement provide for the Note's principal to be adjusted in specific circumstances. Another paragraph specifically incorporates the Guaranty by reference. Finally, the Agreement contains a merger clause, stating that the parties' entire bargain is contained in the Agreement and its exhibits.

General contract law requires us to construe a contract as a whole. *Telex Corp. v. Data Products Corp.,* 271 Minn. 288, 135 N.W.2d 681, 685 (1965); *Burgi v. Eckes,* 354 N.W.2d 514, 518 (Minn.Ct.App.1984). A contract and several writings relating to the same transaction must be construed with reference to each other. *Anderson v. Kammeier,* 262 N.W.2d 366, 370–71 (Minn. 1977). This is true even though the documents do not refer to each other. *Autrey v. Trkla,* 350 N.W.2d 409, 413 (Minn.Ct. App.1984). In our opinion, when the documents are read together, the Agreement and exhibits require disputes to be resolved by arbitration.

█ The trial court held that the Note is not subject to the arbitration clause due to its status as a negotiable instrument:

> Under the [Uniform Commercial Code], the only manner in which payment of the Note could be conditioned upon arbitration is if the Note specifically incorporated by reference the arbitration clause of the Agreement or expressly stated that it

was "subject to or governed by" the Agreement. Minn.Stat. § 336.3–105(2)(a). The Note does not contain any such restriction.

While it is true that section 336.3–105(2)(a) (1986) requires an instrument to lose its negotiability if it contains a "subject to" clause, we do not agree that section is applicable. Instead, another U.C.C. section is controlling:

(1) As between the obligor and his immediate obligee * * * the terms of an instrument may be * * * affected by any other written agreement executed as part of the same transaction, except that a holder in due course is not affected by any limitation of his right to raise another separate written agreement if he had no notice of the limitation when he took the instrument.

(2) A separate agreement does not affect the negotiability of an instrument.

Minn.Stat. § 336.3–119 (1986). Further, the Uniform Commercial Code comment to section 336.3–119 provides in part:

(3) This section applies to negotiable instruments and the ordinary rule that writings executed as a part of the same transaction are to be read together as a single agreement. * * * [A] note may be affected by an acceleration clause, a clause providing for discharge under certain conditions, or any other relevant term in the separate writing. "May be modified or affected" does not mean that the separate agreement must necessarily be given effect. There is still room for construction of the writing as not intended to affect the instrument at all, or is intended to affect it only for a limited purpose such as foreclosure or other realization of collateral. * * *

This Comment clearly indicates that the Note need not specifically state that it is subject to the Agreement in order for the Note to be affected by the intentions of the parties as expressed in the Agreement. Further, contradictions between the negotiable instrument and the separate writing are controlled by the instrument itself. *Leininger v. Anderson*, 255 N.W.2d 22, 31 (Minn.1977). In our view, the Agreement's broad arbitration clause controls all disputes between the original parties relating to that document and its exhibits.

## DECISION

We reverse the trial court's entry of summary judgment and remand for an order compelling arbitration pursuant to the arbitration clause in the parties' purchase agreement.

**REVERSED AND REMANDED.**