**COMMUNITY PARTNERS DESIGNS, INC., Respondent,**

v.

**CITY OF LONSDALE, Appellant.**

No. A04–1919.

Court of Appeals of Minnesota.

June 14, 2005.

Mark T. Solstad, John C. Beatty, East-lund, Solstad, Cade, & Hutchinson, Savage, MN, for respondent.

Kyle E. Hart, Daniel L Abelson, Fabyanske, Westra, & Hart, P.A., Minneapolis, MN, for appellant.

Considered and decided by RANDALL, Presiding Judge; MINGE, Judge; and CRIPPEN, Judge.*

## OPINION

RANDALL, Judge.

Respondent (CPD) sued appellant city, contending that the city breached an agreement to pay for engineering services. Appellant moved to compel binding arbitration and stay the action, which the district court denied. Appellant brought this action arguing that the district court erred because a valid arbitration agreement exists, the city did not waive the agreement, and the dispute falls within the agreement. We reverse.

## FACTS

On January 17, 2002, appellant contracted with respondent for engineering services. The contract addressed a variety of work and established a fee schedule. In addition, the contract contained an arbitration clause. The clause applied to disputes that may arise from the contract. The contract also included a termination clause. That clause states the appellant could terminate the contract with ten days notice but appellant must pay for services performed.

Respondent performed work under the contract and received some payment. However, respondent's records show a failure to pay dating back to March 5, 2003. The delinquent accounts continued until 2004. On January 16, 2004, appellant terminated the agreement according to the termination clause included in the contract. In accordance with the termination clause in the contract, respondent requested payment for services rendered. In documents dated January 26, 2004, respondent itemized the unpaid invoices totaling $176,756.19. In a February 9, 2004 document respondents billed an additional $14,620.18 for a total debt of $191,376.37.

Respondent and appellant continued to disagree as to the amounts owed. Finally on June 21, 2004, respondents filed suit for breach of contract, unjust enrichment and promissory estoppel. On July 6, 2004, appellant served respondent with a draft motion to dismiss. On September 2, 2004, appellant moved to stay the action and compel binding arbitration in accordance with the contract. On September 29, 2004, the district court issued an order denying appellant's motion. The order did not contain findings of fact or conclusions of law. This appeal followed.

## ISSUE

Did the district court err in denying the appellant's motion to stay the proceedings and compel binding arbitration?

## ANALYSIS

Appellant argues that the district court erred in its determination that respondent's claims need not be submitted to arbitration pursuant to the terms of the

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

parties' arbitration agreement.[1] An appellate court will review de novo a district court's decision denying a motion to compel arbitration. *Johnson v. Piper Jaffray, Inc.*, 530 N.W.2d 790, 795 (Minn.1995). "Determining whether a party has agreed to arbitrate a particular dispute is a matter of contract interpretation." *Id.* In an action to compel arbitration, this court looks to the parties' intentions as evidenced by the arbitration agreement's language. *Minnesota Fed'n of Teachers v. Indep. Sch. Dist. No. 361*, 310 N.W.2d 482, 484 (Minn.1981).

## A. Validity and Scope

■ Arbitration is a proceeding favored by the law as an efficient and inexpensive means of resolving disputes between contracting parties. *Correll v. Distinctive Dental Servs., P.A.*, 607 N.W.2d 440, 445 (Minn.2000); *Ehlert v. W. Nat'l Mut. Ins. Co.*, 296 Minn. 195, 199, 207 N.W.2d 334, 336 (1973). "When considering a motion to compel arbitration, the court's inquiry is limited to (1) whether a valid arbitration agreement exists, and (2) whether the dispute falls within the scope of the arbitration agreement." *Amdahl v. Green Giant Co.*, 497 N.W.2d 319, 322 (Minn.App.1993). But if there is no agreement to arbitrate, or if the controversy sought to be arbitrated is not within the scope of the contract's arbitration clause, the court may interfere to protect a party from being compelled to arbitrate. *Local 1119, AFSCME v. Mesabi Reg'l Med. Ctr.*, 463 N.W.2d 290, 295 (Minn.App.1990). However, if the scope of an agreement is reasonably debatable, the issue of arbitrability is to be determined initially by the arbitrator. *Minnesota Teamsters Pub. & Law Enforcement Employees' Union, Local 320*

*v. County of St. Louis*, 611 N.W.2d 355, 359 (Minn.App.2000).

■ Generally, contracting parties are free to determine the scope and extent of their arbitration agreement, *Lucas v. Am. Family Mut. Ins. Co.*, 403 N.W.2d 646, 648 (Minn.1987), and a written agreement to arbitrate is presumptively "valid, enforceable, and irrevocable." Minn.Stat. § 572.08 (2004). Arbitration provisions are generally considered binding, and a significant body of authority exists supporting their enforcement. Mikel D. Johnson, *Into the Void: Minnesota Limits Application of the Prima Paint Doctrine—Onvoy, Inc. v. Shal, LLC*, 31 Wm. Mitchell L.Rev. 579, 581 (2004). Thus, if an agreement to arbitrate exists, the court must compel binding arbitration. Minn.Stat. § 572.09(a) (2004); *Michael–Curry Co., Inc. v. Knutson Shareholders Liquidating Trust*, 449 N.W.2d 139, 141 (Minn.1989).

Appellant argues that the arbitration provision is valid and that the present dispute falls within the scope of the provision. That provision provides that:

> Arbitration of all questions in dispute under this [a]greement shall be the choice of either party and shall be in accordance with the rules of the American Arbitration Association. This [a]greement shall be specifically enforceable under the prevailing arbitration law and judgment (sic) upon the award rendered may be rendered in the court of the forum, state or federal, having jurisdiction. The decision of the arbitrators shall be a condition precedent to the right of any legal action.

This arbitration agreement, appellant argues, is nearly identical to arbitration clauses in other cases in which the Minnesota Supreme Court has ordered arbitra-

---

1. The record presented to this court does not make clear whether the parties' claims were considered by the district court, because the court did not provide a basis for its order.

tion. *See Har–Mar, Inc. v. Thorsen & Thorshov, Inc.*, 300 Minn. 149, 150–51, 218 N.W.2d 751, 753 (1974); *Grover–Dimond Assocs. v. Am. Arbitration Ass'n.*, 297 Minn. 324, 325–26, 211 N.W.2d 787, 788 (1973)[2]. Further, appellant argues that the present claims arise from the alleged failure of the city to pay respondent and, thus, clearly fall within the scope of the arbitration agreement.

Respondent argues, on the other hand, that the agreement is ambiguous, extra-legal, and non-binding. Respondent also argues that at the district court level, besides raising claims on the grounds of breach of contract, it also raised equitable arguments of promissory estoppel and unjust enrichment. Respondent argues that these equitable claims are outside of the scope of remedies implied within the contract, even if the contract calls for arbitration. We agree with appellant that the

2. In *Har–Mar*, the arbitration provision provided:

> Arbitration of all questions in dispute under this Agreement shall be at the choice of either party and shall be in accordance with the provisions, then obtaining, of the Standard Form of Arbitration Procedure of The American Institute of Architects. This Agreement shall be specifically enforceable under the prevailing arbitration law and judgment upon the award rendered may be entered in the court of the forum, state or federal, having jurisdiction. The decision of the arbitrators shall be a condition precedent to the right of any legal action. action.

300 Minn. at 151, 218 N.W.2d at 753.

In *Grover–Dimond v. Am.*, the arbitration provision provided:

> Arbitration of all questions in dispute under this Agreement shall be at the choice of either party and shall be in accordance with the provisions, then obtaining, of the Standard Form of Arbitration Procedure of The American Institute of Architects. This Agreement shall be specifically enforceable under the prevailing arbitration law and judgment upon the award rendered may be entered in the court of the forum, state or federal, having jurisdiction. The decisions of the arbitrators shall be a condition precedent to the right of any legal action.

contract is not unclear and that this matter belongs in arbitration.

■■■ Here, the contract sets forth in its provisions the requirement to arbitrate. The language of the contract states that either party shall have the choice to arbitrate. Logically this means that either party can demand arbitration. We conclude it cannot mean, as respondent urges, that "either party can bypass arbitration." Respondent's interpretation would make the entire paragraph meaningless.

The arbitration agreement is presumptively binding per Minnesota law. *See* Minn.Stat. § 572.08. It appears as if respondent is attempting to confuse the issue and negate its obligation to arbitrate this matter by arguing that rule 114 makes the arbitration prejudicial, since now there would be two nonbinding arbitrations.[3]

297 Minn. at 325–26, 211 N.W.2d at 788.

3. Respondent argues that this court should deny enforcement of this agreement because the district court is already required to use non-binding *alternative dispute resolution* (ADR) pursuant to Minn. R. Gen. Pract. 114.01. Minn. R. Gen. Pract. 114 was adopted in response to the legislature's mandate in 1993 that the supreme court promulgate rules establishing a "statewide alternative dispute resolution program." *Nguyen v. State Farm Mut. Auto. Ins. Co.*, 558 N.W.2d 487, 489 n. 3 (Minn.1997). Minn.Stat. § 484.76, subd. 1 (2004), directed that in most nonfamily law matters, "the rules shall require the use of nonbinding alternative dispute resolution processes in all civil cases, except for good cause shown." The Rules state that "[a]ll civil cases are subject to Alternative Dispute Resolution (ADR) processes, except for those actions enumerated in Minn. Stat. § 484.76 and Rules *111.01* and *310.01* of these rules." Minn. R. Gen. Pract. 114.01.

Basically, respondent argues that enforcement of this arbitration agreement *could* result in *double* non-binding arbitration, because if this case makes it past the first arbitration (per the agreement in the contract)—the case *may* be required to pass

We disagree with respondent. Its argument is premised on the contract to arbitrate being "nonbinding." We have concluded that it is binding:

Also, we reject respondent's contention that this dispute falls outside of the scope of the arbitration agreement. Contracts by their nature, involve the possibility of breach. If respondent's arguments were validated by this court—it is hard to imagine any agreement to arbitrate that would be enforceable. Respondent presents run-of-the-mill breach of contract claims, and simply desires to be paid for work performed under the contract. Such claims were anticipated by the arbitration agreement.

### B. Waiver

 Next, appellant argues that it has not waived its right to arbitration. Minnesota favors arbitration as a means of conflict resolution, but the right to arbitration may be waived. *Hughes v. Lund*, 603 N.W.2d 674, 676 (Minn.App.1999). Waiver is the voluntary and intentional relinquishment of a known right. *Har–Mar*, 300 Minn. at 156–57, 218 N.W.2d at 756. The Minnesota Supreme Court addressed the issue of waiver in *Brothers Jurewicz, Inc. v. Atari, Inc.*, 296 N.W.2d 422 (Minn.1980). The court noted:

> Even though parties have an agreement to arbitrate disputes, an attempt by one of the parties to enforce such an agreement may under certain circumstances be challenged on the grounds of laches and waiver. We have held consistently that a party to a contract containing an arbitration provision will be deemed to

have waived any right to arbitration if judicial proceedings based on that contract have been initiated and have not been expeditiously challenged on the grounds that disputes under the contract are to be arbitrated.

*Id.* at 428 (citations omitted). The party alleging waiver must provide evidence that the party that is alleged to have waived the right possessed both knowledge of the right in question and the intent to waive that right. *Ill. Farmers Ins. Co. v. Glass Serv. Co.*, 683 N.W.2d 792, 798 (Minn. 2004). Action by the party seeking arbitration which is inconsistent with the right to arbitration is not enough to support a finding of waiver unless such action is accompanied by prejudice to the objecting party. *Hughes v. Lund*, 603 N.W.2d at 676. As a general rule, issues of waiver and laches should be decided by the arbitrator rather than the court. *Brothers Jurewicz*. 206 N.W.2d at 426–27. The court defers to the arbitrator because these procedural issues are often intertwined with the substantive dispute intended for arbitration; we do not want to try an issue in two different forums. *Id.* at 427.

Appellant argues that it has not waived its right to arbitrate under the contract, because it notified respondent from the beginning of the present proceedings of its right to arbitrate under the contract. Respondent, on the other hand, argues that because appellant did not make a good faith effort to carry out the objective of the contract, it has impliedly waived any right arising from the contract to compel arbitration.[4] Respondent seeks to bolster this

---

through a second arbitration because the district court is *required* to demand a pretrial ADR proceeding per rule 114. As a result, respondent continues, it is absurd to require very expensive pre-litigation, nonbinding arbitration. Respondent further

states that appellant's reliance on post–1994 cases is misplaced because those cases focus on binding arbitration cases.

**4.** Respondent relies on *Niazi v. St. Paul Mercury Ins. Co.*, 265 Minn. 222, 231, 121 N.W.2d 349, 356 (1963) (stating in dicta that parties

argument with a supplemental letter submitted to this court, directing attention to Minn.Stat. § 471.425 (2004), which provides in part:

> A municipality must pay each vendor obligation according to the terms of the contract or, if no contract terms apply, within the standard payment period unless the municipality in good faith disputes the obligation
>
> If an invoice is incorrect, defective or otherwise improper, the municipality must notify the vendor within ten days of the date of receipt. Upon receiving a corrected invoice from the vendor, the municipality must pay the obligation within the standard payment period defined in subdivision 2.

*Id.*, subds. 2, 3. Respondent argues that appellant's disregard for the requirements of Minn.Stat. § 471.425 is evidence of appellant's bad faith. We disagree.

Here, the timing of the preliminary encounter between the parties regarding payment is not outside of the norm when there is a dispute over services and payment on a contract. Respondent filed suit on June 21, 2004, and appellant responded with a draft motion on July 6, 2004, thereby notifying respondent that it would seek arbitration per the terms of the contract. On September 2, 2004, appellant moved to stay the action and compel binding arbitration in accordance with the contract. Although respondent argues that appellant acted in bad faith by not paying the invoices from March 5, 2003 through January 26, 2004, there was nothing stopping respondent from demanding payment on the debt, nor was there anything stopping

respondent from initiating arbitration proceedings itself. We can understand respondent's frustration. It is a business claiming to have performed services for the City of Lonsdale, and it appears the city has been both slow to pay and slow to go into any type of forum to resolve the issue. But we are not going to rewrite the contract to substitute a district court lawsuit for the called-for arbitration. As obvious dicta, we suggest both parties move speedily to resolve a simple dollar and cents issue.

We find nothing in the record that would reflect a voluntary and intentional relinquishment of the right to arbitrate by appellant.

## DECISION

The parties' arbitration agreement was valid; it was not ambiguous; the dispute was within the scope contemplated by the arbitration agreement, and there was no waiver of the right to arbitrate this matter.

We reverse the district court's order denying appellant's motion to compel binding arbitration.

**Reversed.**

---

to an arbitration agreement are under a duty to act in good faith and failure to act in good faith should be treated as an implied waiver of the arbitration provision and if it results in *demonstrable prejudice* to the insured, the insurer should be denied resort to arbitration). This language is dicta, and although instruc-

tive, it is not binding on this court. *See State v. Soukup,* 656 N.W.2d 424, 431 (Minn.App. 2003), *review denied* (Minn. Apr. 29, 2003). Also, we cannot assume from this record that, as a matter of law, appellants acted in bad faith.