ETHELENE HARRIS, Plaintiff-Appellant, v. ALLIED AMERICAN IN-
SURANCE COMPANY, Defendant-Appellee.

First District (5th Division)   No. 86—0425

Opinion filed January 23, 1987.

Healy & Nolan, of Chicago (Martin J. Healy, Jr., and Daniel B. Malone, of counsel), for appellant.

Beermann, Swerdlove, Woloshin, Barezky & Berkson, of Chicago (Alvin R. Becker and Steven P. Garmisa, of counsel), for appellee.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In this appeal, plaintiff contends that the trial court erred in denying her motion to confirm an arbitration award entered against defendant and her motion to reconsider.

After plaintiff brought an action to compel arbitration of her uninsured-motorist claim, defendant agreed to submit the matter to arbitration. Under the terms of the policy, the arbitrators were required to determine whether plaintiff was "legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured," and, if so, "the amount payable hereunder." The declaration sheet stated that the limits of liability for un-

insured-motorist coverage were $10,000 per person and $20,000 per occurrence. Following a hearing, the arbitrators determined that plaintiff was entitled to damages and entered and awarded plaintiff $55,000 "as compensation for injuries suffered by her." The trial court denied plaintiff's motion to confirm the award and her subsequent motion to reconsider. This appeal followed.

While plaintiff contends that the award should have been confirmed, she admits: (a) that coverage for her injuries under the uninsured-motorist provision of the insurance policy issued by defendant was limited to $10,000, and (b) that the arbitrators never made a determination of the amount due her under the policy. Notwithstanding these admissions, however, plaintiff argues that the award of $55,000 should have been confirmed because defendant did not move to vacate, modify, or correct the amount of the award within 90 days as provided in the Uniform Arbitration Act (Act) (Ill. Rev. Stat. 1985, ch. 10, par. 101 *et seq.*). We disagree. The flaw in plaintiff's argument is the assumption that the arbitration award in this case was valid and enforceable. We find that it was not.

■ At common law, an arbitration award was void and unenforceable unless it disposed of all matters that had been properly submitted to the arbitrators for their consideration and ruling. (The Illinois authorities are collected in *City of Carlyle v. Village of Beckemeyer* (1927), 243 Ill. App. 460, 464-65. Decisions from other jurisdictions may be found in Annot., 36 A.L.R.3d 649 (1971).) This also represents the law under the Uniform Arbitration Act (7 U.L.A. 1 through 229 (1985)), which Illinois adopted in 1961. (Ill. Rev. Stat. 1961, ch. 10, par. 101 *et seq.* See *Rural Water District No. 6 v. Ziegler Corp.* (1984), 9 Kan. App. 2d 305, 311, 677 P.2d 573, 580; *Porter v. Irvine* (Tex. App. 1983), 658 S.W.2d 711, 713-14.) An arbitration award must be final. Ill. Rev. Stat. 1985, ch. 10, par. 105(c).

■ Under the Act, a nonfinal award may be attacked at any time. (See *Meade v. Lumbermens Mutual Casualty Co.* (Fla. 1982), 423 So. 2d 908 (90-day limitation period for vacating, modifying, or correcting arbitration awards did not bar insurer from raising the issue of liability limits as a defense to a motion to confirm an arbitration award filed more than 90 days after the award was made where the arbitrators never ruled on the question of liability limits).) Here, the submission to arbitration raised the issues of liability and amount due, if any, under the uninsured-motorist clause. (*Pillott v. Allstate Insurance Co.* (1977), 48 Ill. App. 3d 1043, 1048, 363 N.E.2d 460. See also *Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91, 242 N.E.2d 149.) The arbitrators decided the issue of liability in plaintiff's

favor and found that she had sustained damages in the total amount of $55,000 but, as plaintiff has conceded, they made no determination, as they were required to do, as to whether all or any portion of that amount was due under the policy. In its absence the award was incomplete and lacked finality and could be attacked at any time. We thus find no error in the court's denial of plaintiff's motion to confirm or of her motion to reconsider. In light of this conclusion, we need not reach the merits of defendant's motion to dismiss plaintiff's appeal.

For the foregoing reasons, we affirm the orders of the circuit court of Cook County denying plaintiff's motion to confirm the arbitration award and her motion to reconsider.

Affirmed.

LORENZ and PINCHAM, JJ., concur.