■ In the Matter of WE'RE ASSOCIATES COMPANY, Appellant. CHEMICAL BANK et al., Respondents.—In a proceeding to consolidate two arbitration proceedings, the petitioner We're Associates Company appeals (1) from a judgment of the Supreme Court, Nassau County (Lockman, J.), entered October 11, 1989, which denied the application, and (2) as limited by its brief, from so much of an order of the same court, entered January 8, 1990, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the judgment entered October 11, 1989, is dismissed, as it was superseded by the order entered January 8, 1990, made upon reargument; and it is further,

Ordered that the order entered January 8, 1990, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent Chemical Bank is awarded one bill of costs.

The petitioner landlord We're Associates Company and the respondent tenant Chemical Bank are involved in an arbitration proceeding concerning an allegedly defective roof on the leased premises at 300 Jericho Quadrangle (see, We're Assocs. v Chemical Bank, 163 AD2d 393 [decided herewith]). The petitioner seeks to consolidate an arbitration proceeding brought by Chemical Bank against it with an arbitration proceeding which it commenced against Santo J. Ruisi Roofing Co., Inc. (hereinafter Ruisi).

The petitioner admits that it has no real dispute with the roofing contractor, Ruisi, as both are claiming that the roof is not defective. However, the petitioner seeks to join Ruisi on the basis that Ruisi would be liable to it for indemnification should Chemical Bank establish that the subject roof is defective.

There is no contract of indemnification between the petitioner and Ruisi. The arbitration proceeding commenced by the petitioner against Ruisi is voluntary in nature, based on an "understanding" between them. Therefore, in these circumstances the court did not err in finding that the petitioner is, in effect, seeking to join a third party to the original arbitration proceeding with Chemical Bank. As noted by the court, this is not a situation where the petitioner is caught between two arbitration demands, and facing possible inconsistent awards. We note that the petitioner, on this record, does not require consolidation to protect its claims. If it is unsuccessful in the original arbitration proceeding with Chemical Bank, it can proceed to arbitration against Ruisi, which, in 1988, voluntarily agreed "that all of the applicable statutes of limitation governing the applicable causes of action for claims involving the Jericho Quadrangle III roof are hereby tolled".

Thus, the denial of the application for consolidation was not an improvident exercise of discretion. Bracken, J. P., Rubin, Rosenblatt and Miller, JJ., concur.