ROBERT A. RYAN, Petitioner-Appellee, v. ANDREW J. KONTRICK, Respondent-Appellant.

First District (6th Division)    No. 1—97—0144

Opinion filed March 26, 1999.—Rehearing denied May 17, 1999.

Winston & Strawn, of Chicago (Kimball R. Anderson, Michael J. Stepek, and E. King Poor, of counsel), for appellant.

Abramson & Fox, of Chicago (Donald P. Colleton, of counsel), for the appellee.

JUSTICE ZWICK delivered the opinion of the court:

Petitioner, Robert A. Ryan, M.D., sought confirmation of an arbitrator's award in a contract dispute with respondent, Andrew J. Kontrick, M.D. The circuit court confirmed the arbitrator's award in its entirety and ordered that Kontrick pay prejudgment interest on the award. On appeal, respondent Kontrick challenges the rulings of the circuit court, contending (1) the arbitrator exceeded his authority in awarding punitive damages, (2) the arbitrator ignored Illinois law in awarding attorney fees without supporting evidence, and (3) the circuit court erred in awarding prejudgment interest.

The record demonstrates that in 1989, Kontrick joined Ryan as a partner in his plastic and cosmetic surgery practice and became a 50% shareholder in Ryan's service corporation. The business relationship between the parties was defined by a contract which provided that they would arbitrate all disputes arising out of the agreement. Specifically, the arbitration agreement stated as follows:

> "All disagreements arising out of this Agreement shall be resolved by the American Arbitration Association in the City of Chicago, Illinois. *** The arbitrator shall assess the costs of such arbitration proceeding (including reasonable attorney's and accountant's fees) against the party at fault. All amounts due pursuant to the arbitration shall bear interest retroactive to their original due date at the floating prime rate of interest charged by the First National Bank of Chicago."

The contract also stated as follows:

> "This Agreement shall be subject to and governed by the laws of the State of Illinois."

In October 1992, Ryan challenged certain of Kontrick's actions by initiating an arbitration before the American Arbitration Association. Ryan's claims sounded in contract, tort, and breach of fiduciary duty. The statement of claim brought by Ryan sought punitive as well as compensatory damages and costs and attorney fees. Kontrick counterclaimed for severance pay and other relief.

The arbitrator's award granted Ryan compensatory damages in the amount of $118,426.99, punitive damages of $150,000, and attorney fees and costs totaling $261,153, based upon his finding that Kontrick was "at fault" within the meaning of the arbitration agreement. However, the arbitrator also awarded Kontrick $10,255.84 on his counterclaim for severance pay against Ryan.

Kontrick requested that the arbitrator modify and correct the award, asserting that (1) in the absence of an express agreement of the parties, punitive damages were precluded by Illinois law under *Edward Electric Co. v. Automation, Inc.*, 229 Ill. App. 3d 89, 593 N.E.2d 833 (1992), and (2) the award of attorney fees and costs was improper where it was clear from the face of the award that both parties were "at fault." The arbitrator denied Kontrick's request for modification of the award, finding that punitive damages were authorized under the commercial arbitration rules of the American Arbitration Association, which governed the arbitration.

Ryan thereafter petitioned the circuit court for confirmation of the award and entry of judgment thereon. Kontrick cross-petitioned, seeking vacatur of both the punitive damage award and the grant of attorney fees. The circuit court confirmed the arbitrator's decision in its entirety, denying Kontrick's petition to vacate, and entered judgment for postaward interest. Kontrick appeals.

We initially consider Kontrick's argument that the award of punitive damages must be vacated because the arbitrator exceeded the scope of his authority under the arbitration agreement.

■ Ryan asserts that this issue has been waived because Kontrick did not object when the issue of punitive damages was originally raised before the arbitrator. We find the issue was not waived. The record establishes that, after entry of the award, Kontrick moved to modify the award, specifically asserting that the arbitrator lacked authority to grant punitive damages under the parties' agreement. The arbitrator denied the motion on the merits, ruling that the award of punitive damages was proper based upon Kontrick's conduct and was authorized by Commercial Arbitration Rule 43 of the American Arbitration Association, which empowers the arbitrator to "grant any remedy or relief that [he] deems just and equitable and within the scope of the agreement of the parties." Significantly, the arbitrator did not find that Kontrick's objection had been waived by his acquiescence in litigating the issue. We will not find waiver where the objection was raised during the arbitration proceedings and where the arbitrator considered and denied the objection on the merits. We must, therefore, consider Kontrick's argument that the grant of punitive damages exceeded the scope of the arbitrator's authority.

■ The issue of whether the arbitrator had the authority to award punitive damages in this case is a question of arbitrability. In Illinois, when the language of an arbitration clause is broad, and it is unclear whether the subject matter of the dispute falls within the scope of the arbitration agreement, "the question of substantive arbitrability should initially be decided by the arbitrator." *Donaldson, Lufkin &*

*Jenrette Futures, Inc. v. Barr*, 124 Ill. 2d 435, 447-48, 530 N.E.2d 439 (1988); *Caudle v. Sears, Roebuck & Co.*, 245 Ill. App. 3d 959, 963, 614 N.E.2d 1312 (1993). However, the arbitrator's determination is subject to judicial review under the Uniform Arbitration Act (the Act) (710 ILCS 5/1 *et seq.* (West 1996)). *Donaldson, Lufkin & Jenrette Futures, Inc.*, 124 Ill. 2d at 450-51; *TDE Ltd. v. Israel*, 185 Ill. App. 3d 1059, 1063, 541 N.E.2d 1281 (1989).

■ Section 12(a)(3) of the Act specifically provides that an arbitration award is subject to vacatur if the arbitrator has exceeded his authority. See 710 ILCS 5/12(a)(3) (West 1996). The court is bound to vacate or refuse to confirm the award if all fair and reasonable minds would agree that the construction of the contract made by the arbitrator was not possible under a fair interpretation of the agreement. See *Rauh v. Rockford Products Corp.*, 143 Ill. 2d 377, 391-92, 574 N.E.2d 636 (1991), citing M. Pirsig, *Some Comments on Arbitration Legislation and the Uniform Act*, 10 Vand. L. Rev. 685, 706 (1957). See also *Garver v. Ferguson*, 76 Ill. 2d 1, 9-10, 389 N.E.2d 1181 (1979).

■ Although the Act sets forth the grounds and procedures for vacatur of arbitration awards, it does not control the matters that are subject to arbitration. *Rauh*, 143 Ill. 2d at 387. Arbitration is a matter of contract, and the parties to an agreement are obligated to arbitrate only those issues which by clear language they have agreed to arbitrate. *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648, 89 L. Ed. 2d 648, 655, 106 S. Ct. 1415, 1418 (1986). Thus, the language of the arbitration agreement governs which issues the parties have agreed to submit to arbitration, and arbitration agreements cannot be extended by construction or implication. *Rauh*, 143 Ill. 2d at 387; *Flood v. Country Mutual Insurance Co.*, 41 Ill. 2d 91, 94 (1968).

■ Under Illinois law, punitive damages may be awarded by an arbitrator only where there is an *express provision* authorizing such relief *in the arbitration agreement. Edward Electric Co. v. Automation, Inc.*, 229 Ill. App. 3d 89, 104, 593 N.E.2d 833 (1992).

■ In the instant case, the agreement between the parties stated the following:

> "All disagreements arising out of this Agreement shall be resolved by the American Arbitration Association in the City of Chicago, Illinois.
>
> * * *
>
> This agreement shall be subject to and governed by the laws of the State of Illinois."

It is undisputed that the agreement did not contain an express provision authorizing the award of punitive damages by an arbitrator.

Therefore, the subject of punitive damages was not among the issues that the parties had agreed to arbitrate, and their contract cannot be extended by construction or implication. *Rauh*, 143 Ill. 2d at 387; *Flood*, 41 Ill. 2d at 94; *Edward Electric*, 229 Ill. App. 3d at 104.

In denying Kontrick's request for modification, the arbitrator stated the following:

> "The arbitration proceeded, by agreement, under the Commercial Arbitration Rules of the American Arbitration Association. Rule 43 empowers the arbitrator to 'grant any remedy or relief that [he] deems just and equitable and within the scope of the agreement of the parties.' By contracting to apply both Illinois law and the rules of the American Arbitration Association, the parties have expressly agreed to authorize an award of punitive damages."

We note that the arbitrator demonstrated obvious confusion over the meaning of the word "expressly." It is undeniable that the contract between Ryan and Kontrick did not *expressly* state that punitive damages would be subject to arbitration since the words "punitive damages" never appeared in that contract. Rather, the agreement stated only that "[a]ll disputes would be resolved by the American Arbitration Association." At best, this language incorporated by reference the commercial arbitration rules of the American Arbitration Association. Even so, we find that an implicit agreement to arbitrate punitive damages under Rule 43, which itself did not expressly authorize punitive damages, is wholly insufficient to satisfy the requirement of an express provision in the arbitration agreement as mandated by *Edward Electric*.

■ Moreover, we reject Ryan's argument that the arbitrator's award must be affirmed because the scope of the arbitrator's authority is a question of arbitrability and is governed by federal law, which permits the award of punitive damages.

Specifically, Ryan contends that the agreement between the parties "involve[d] commerce" and, therefore, fell within the confines of the Federal Arbitration Act (FAA), which applies to written contracts "evidencing a transaction involving commerce." See 9 U.S.C. § 2 (1988). Relying primarily upon the United States Supreme Court's decision in *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 131 L. Ed. 2d 76, 115 S. Ct. 1212 (1995), and the Illinois Supreme Court's decision in *Roubik v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 181 Ill. 2d 373, 692 N.E.2d 1167 (1998), Ryan asserts that the Illinois rule regarding punitive damages in arbitration is preempted by the FAA, which allows such damages.

We note, however, that neither *Mastrobuono* nor *Roubik* is controlling, or even relevant, in the instant case. Both of those cases involved

disputes over securities transactions and, in accordance with the terms of those arbitration agreements, were properly decided under the FAA and the rules of the National Association of Securities Dealers (NASD), which permit the award of punitive damages. Indeed, in *Roubik*, the Illinois Supreme Court specifically noted that the parties had agreed that federal law must be applied to questions concerning arbitrability because the contract between the parties involved commerce. *Roubik*, 181 Ill. 2d at 382-83.

In stark contrast to those cases, the matter before us does not involve an agreement to arbitrate disputes over securities transactions or brokerage contracts, and the parties have not agreed that we must apply federal law to questions of arbitrability. Consequently, we are guided by the decision in *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 103 L. Ed. 2d 488, 109 S. Ct. 1248 (1989), which held that enforcing private agreements to abide by state rules of arbitration is fully consistent with the goals of the federal act. *Volt Information Sciences, Inc.*, 489 U.S. at 479, 103 L. Ed. 2d at 500, 109 S. Ct. at 1256. There, the Supreme Court noted that the FAA contains no express preemptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration. *Volt Information Sciences, Inc.*, 489 U.S. at 477, 103 L. Ed. 2d at 499, 109 S. Ct. at 1255. The court determined that the FAA does not prevent parties from excluding certain claims from the scope of their arbitration agreement, but simply requires courts to enforce agreements to arbitrate, like other contracts, in accordance with their terms. *Volt Information Sciences, Inc.*, 489 U.S. at 478, 103 L. Ed. 2d at 499-500, 109 S. Ct. at 1255. Interpreting a choice-of-law clause to make applicable state rules governing the conduct of arbitration does not violate the terms of the FAA or the policies behind it. *Volt Information Sciences, Inc.*, 489 U.S. at 479, 103 L. Ed. 2d at 500, 109 S. Ct. at 1256.

Accordingly, even if we were to conclude that the transaction involves interstate commerce, the FAA does not apply where, as here, the parties have agreed to arbitrate in accordance with state law. *Volt Information Sciences, Inc.*, 489 U.S. at 477-79, 103 L. Ed. 2d at 499-500, 109 S. Ct. at 1255-56. See also *New England Energy Inc. v. Keystone Shipping Co.*, 855 F.2d 1, 4 (1st Cir. 1988); *Tim Huey Corp. v. Global Boiler & Mechanical, Inc.*, 272 Ill. App. 3d 100, 104-05, 649 N.E.2d 1358 (1995); *Yates v. Doctor's Associates, Inc.*, 193 Ill. App. 3d 431, 437-39, 549 N.E.2d 1010 (1990).

By specifying that their contract would be subject to the laws of Illinois, the parties incorporated into their agreement the Illinois rule which governs the award of punitive damages. According to *Edward*

*Electric*, punitive damages are precluded unless the agreement between the parties expressly allows for such an award. The contract in the instant case made no such provision. Therefore, the imposition of punitive damages by the arbitrator was improper as it exceeded his authority under Illinois law and the terms of the contract. Consequently, that portion of the circuit court's ruling that affirmed the arbitrator's award of punitive damages is reversed.

We next address Kontrick's claim that the arbitrator's award of attorney fees must be vacated because it lacked supporting evidence.

■ This issue is not reviewable. The Act allows vacation of an arbitration award only if it was procured by corruption or fraud, partiality or misconduct by the arbitrator, or where the arbitrator exceeded the scope of his authority. 710 ILCS 5/12(a)(1) through (a)(3) (West 1996). Therefore, if the arbitrator acted in good faith, the award is conclusive upon the parties. *Tim Huey*, 272 Ill. App. 3d at 106, 649 N.E.2d at 1362. A mistake of law or fact will not serve as a basis to vacate an award, unless the error is gross and apparent on the face of the award. *Board of Education v. Chicago Teachers Union, Local No. 1*, 86 Ill. 2d 469, 477, 427 N.E.2d 1199 (1981); *Water Pipe Extension, Bureau of Engineering Laborers' Local Union 1092 v. City of Chicago*, 238 Ill. App. 3d 43, 46, 606 N.E.2d 112 (1992).

Kontrick has waived review of this issue where he did not object to the lack of supporting evidence before the arbitrator but argued only that the award was improper because both parties were "at fault." *Ure v. Wangler Construction Co.*, 232 Ill. App. 3d 492, 498-99, 597 N.E.2d 759 (1992); *Hamilton v. Williams*, 214 Ill. App. 3d 230, 240, 573 N.E.2d 1276 (1991). Moreover, the award of attorney fees does not constitute a gross error that was apparent on the face of the award. Consequently, we affirm this aspect of the circuit court's ruling.

■ Finally, Kontrick contends that the circuit court erred in awarding postaward/prejudgment interest at the rate specified in the contract.

Kontrick acknowledges that the agreement between the parties provided for the payment of interest on arbitration awards. He argues, however, that the prejudgment interest entered by the circuit court should be limited to the statutory rate. We agree.

In his posthearing memorandum submitted to the arbitrator, Ryan requested interest based upon the contract provision which stated that "[a]ll amounts due pursuant to the arbitration shall bear interest retroactive to their original due date at the floating prime rate of interest charged by the First National Bank of Chicago *** any payment due hereunder which is not otherwise paid when due shall bear

interest at 3% above the floating prime rate of interest charged by the First National Bank of Chicago.'' The arbitrator specifically denied *preaward* interest under this contract term, finding that there were no liquidated amounts, prior to the award, upon which interest could have been imposed. Upon confirmation of the arbitrator's award by the circuit court, Ryan requested the entry of postaward/prejudgment interest at the contract rate, and the court granted Ryan's request.

Ryan correctly asserts that the arbitrator's denial of *preaward* interest did not foreclose the grant of postaward/prejudgment interest. Clearly, the contract provision manifests the parties' express agreement that interest on arbitration awards was among the issues to be submitted to and decided by the arbitrator. Yet, it does not appear from the briefs or from the record before us that Ryan ever requested postaward interest from the arbitrator.

Significantly, both parties sought modification of the arbitrator's initial award,[1] subsequent proceedings were held, and the arbitrator issued another decision disposing of the postaward issues. Although this subsequent decision by the arbitrator ordered the parties to pay certain fees and expenses, it made no mention of postaward/ prejudgment interest. Consequently, postaward interest was not included as a component of the arbitrator's award. Since the circuit court was empowered only to confirm or to vacate the arbitrator's award, it did not have authority to grant relief which the arbitrator had not awarded. Because the arbitrator's award did not include *any* grant of interest pursuant to the terms of the contract, the circuit court lacked authority to order interest provided under the contract.

However, the prejudgment interest statute provides, in pertinent part, as follows:

> "When judgment is entered upon any award, report or verdict, interest shall be computed at [9% per annum], from the time when made or rendered to the time of entering judgment upon the same, and included in the judgment." 735 ILCS 5/2—1303 (West 1996).

Thus, the circuit court derived its authority to order postaward/ prejudgment interest from this statutory provision, and the court's award of interest at this juncture in the proceedings was proper only if entered pursuant to the authority conferred by the statute. Accordingly, the court was permitted to order interest only at the statutory rate and erred in ordering Kontrick to pay prejudgment interest at the contract rate. We, therefore, reverse that portion of the circuit court's

---

[1]Kontrick sought modification of the punitive damage award and of the grant of attorney fees. In addition, Ryan requested that the arbitrator modify the award to provide for expenses which he might incur in enforcement.

ruling which ordered Kontrick to pay postaward/prejudgment interest at the contract rate, and we remand the cause for entry of an order requiring Kontrick to pay interest at the statutory rate specified in section 2—1303 of the Code of Civil Procedure (735 ILCS 5/2—1303 (West 1996)).

For the foregoing reasons, the order of the circuit court is affirmed in part, reversed in part, and the cause is remanded.

Affirmed in part, reversed in part, and remanded.

GREIMAN and QUINN, JJ., concur.