THIRD DIVISION

                                          FILED: March 29, 2001  

No. 1-99-2788

7-ELEVEN, INC., formerly known as ) Appeal from the 

THE SOUTHLAND CORPORATION,        ) Circuit Court of

                                  ) Cook County

        Petitioner-Appellant,     )

                                  ) No. 99 CH 4544

        v.                        )

                                  ) Honorable Sidney A. 

K. MUSLEY DAR,                    ) Jones, III,

                                  ) Judge Presiding.  

         Respondent-Appellee.     )            

     PRESIDING JUSTICE HALL delivered the opinion of the 
court:

     The petitioner, 7-Eleven, Inc., formerly known as The Southland Corporation, appeals from an order of the circuit court of Cook County denying its motion to vacate an arbitration award to the respondent, K. Musley Dar, and confirming the award to the respondent.  

     The petitioner owns and franchises 7-Eleven stores.  On January 21, 1983, the petitioner and the respondent entered into a "Store Franchise Agreement" (agreement) under which the respondent would lease a 7-Eleven store and equipment from the petitioner.  The agreement provided in pertinent part as follows:

"
7. Term.
  The license, lease, and continuing obligations of the parties shall begin on the Effective Date and continue for a term expiring on the earlier of 15 years or the end of 7-Eleven's leasehold rights as specified in Exhibit A, unless sooner terminated or extended."  

     Exhibit A provided in pertinent part as follows:

"The present term (remainder of primary term or current extended term) of the master lease expires on 31st day of December, 1990.  7-ELEVEN has no obligation to renew or exercise any option to extend the master lease, but if the master lease is renewed or extended by 7-ELEVEN, the term of the Agreement shall then last until the earlier of the end of 7-ELEVEN's then current leasehold rights or 15 years after the Effective Date."  

     On February 6, 1989, the parties entered into "YEAR 2000 AMENDMENT" to their original agreement.  The amendment provided in pertinent part as follows:

     "(1) 
TERM
; 
7-ELEVEN Charge.

      (a) 
Term.
  The term of the Agreement shall be extended to expire on August 31, 2000, unless earlier terminated as set forth below or pursuant to the terms of the Agreement[.]"  

The amendment went on to provide as follows:

     (2) 
TERMINATION - Loss of Leasehold Rights, Etc.  
This Agreement will terminate prior to the expiration of its term upon the loss of 7-ELEVEN's Leasehold Rights, a condemnation or transfer in lieu of condemnation which results in 7-ELEVEN's determination not to continue the Store as a 7-Eleven store, casualty damage to the Store building or Equipment which cannot reasonably be repaired or replaced within 30 calender days, or closing of the Store required by law if such closing was not the result of a violation by 7-ELEVEN." 

     The petitioner leased the property, which was subleased to the respondent, under the terms of a master lease, from The Southland's Employees' Trust.  A modification to the master lease provided an option whereby the petitioner could extend the lease, which expired on December 31, 1990, for two periods, not to exceed five years each.   The petitioner exercised the first option but not the second.  Accordingly, the master lease expired on December 31, 1995. 

     On February 20, 1995, the respondent was notified by the petitioner that it was not renewing the master lease for the real estate and that, therefore, the parties' agreement would terminate on December 31, 1995. The respondent filed a demand for arbitration as provided for in the parties' agreement. 

     The arbitrator denied the petitioner's motion to dismiss count III of the respondent's second revised complaint in which the respondent alleged that the petitioner's failure to renew the lease amounted to wrongful termination.   
Inter
 
alia
, the arbitrator rejected the petitioner's argument that the wrongful termination count was time-barred because it was not filed within 10 days of the notification of termination as required under the arbitration provision in the agreement.  The arbitrator determined that because the agreement provided a shorter limitations period than did the Illinois Franchise Disclosure Act of 1987 (815 ILCS 705/27 (West 1998)) (Act), it was ineffectual.  

     On December 24, 1998, the arbitrator granted the respondent's claim for wrongful termination and awarded him $195,720.  The arbitrator also granted two of the respondent's claims for breach of good faith and fair dealing and awarded $5,000 on each claim.  Additionally, the arbitrator ordered the petitioner to provide the respondent with final account statements and to pay to the respondent sums due him in connection with other alleged breaches of the agreement. 

     On March 24, 1999, the petitioner filed a petition to vacate the arbitration award.  The respondent filed a motion to confirm the award and to strike the petition to vacate the award.  The circuit court denied the petition to vacate and granted the petition to confirm the award.

     On appeal, the petitioner raises the following issues: (1)   

whether the arbitrator exceeded his authority and/or committed gross error when he determined that the respondent did not waive his right to arbitration when he filed for arbitration after the time period for filing such a demand had expired pursuant to the agreement; (2) whether the arbitrator exceeded his authority and/ or committed gross error when he determined that the franchise agreement was wrongfully terminated; (3) whether the arbitrator exceeded his authority and/or committed gross error when he awarded damages for breaches of the covenant of good faith and fair dealing; and (4) whether the arbitrator exceeded his authority and/or committed gross error when he failed to identify a specific amount of damages owed on certain claims.
  

     Arbitration awards should be construed, whenever possible, so as to uphold their validity.  
Ure v. Wangler Construction Co.
, 232 Ill. App. 3d 492, 496, 597 N.E.2d 759, 762 (1992).  There is a presumption that the arbitrator did not exceed his or her authority.  
Ure
, 232 Ill. App. 3d at 496, 597 N.E.2d at 762.  If an award is within the submission and contains the honest decision of the arbitrator, after a full hearing, a court will not set it aside for error of law or fact.  
Ure
, 232 Ill. App. 3d at 496, 597 N.E.2d at 762.  However, if all fair and reasonable minds would agree that the construction of the contract made by the arbitrator was not possible under a fair interpretation of the contract, then the court is bound to vacate or refuse to confirm the award.  See 
Rauh v. Rockford Products Corp.
, 143 Ill. 2d 377, 391-92, 574 N.E.2d 636, 643 (1991).

     At the outset, the respondent points out that the agreement between the parties provided that if the arbitrator's decision was within the scope of his authority under the agreement, it was final and binding on the parties and that, with the exception of enforcement proceedings, judicial action was waived.  The petitioner responds that, under the agreement, it did not waive its right to challenge the award based upon errors of the arbitrator that resulted from the arbitrator exceeding his authority.  Therefore, in the absence of a finding by this court that the arbitrator exceeded his authority, the petitioner has waived its right to raise error as a basis for vacating the award in this case.

     We now turn to the issues raised by the petitioner in this appeal.

     The petitioner contends, first, that the arbitrator exceeded his authority when he determined that the respondent did not waive his right to arbitration.

     The agreement in this case required the parties to submit to arbitration any controversy relating to the agreement that the parties "cannot mutually resolve."  The agreement provided as follows:

"A demand for arbitration: if based in whole or part on wrongful termination, shall be filed with the [American Arbitration Association] within 10 days after a 30 day or longer notice of termination is issued or prior to any other notice of termination becoming effective."

There is no dispute that the respondent failed to comply with the above notice provision.  

     In denying the petitioner's motion to dismiss the wrongful termination count, the arbitrator relied on the fact that the Act provided a longer limitations period than was provided in the parties' agreement and concluded that the Act controlled.  Although not specifically stated as such, the basis for that conclusion appears to be contained in section 41 of the Act, which provides as follows:

     "Any condition, stipulation, or provision purporting to bind any person acquiring any franchise to waive compliance with any provision of this Act or any other law of this State is void."  815 ILCS 705/41 (West 1998).  

     In support of the arbitrator's denial of the motion to dismiss, the respondent argues that questions involving contractual time limitations are for the arbitrators, not the courts, to decide.  
Board of Education of Posen-Robbins School District No. 143 ½ v. Daniels
, 108 Ill. App. 3d 550, 555, 439 N.E.2d 27, 31 (1982).  In that case, the reviewing court pointed out that such decisions usually require construing the contract in light of the customs and practices of the industry, a task peculiarly within the competence of the arbitrator.  
Daniels
, 108 Ill. App. 3d at 555, 439 N.E.2d at 31.  In addition, because the parties had bargained for the arbitrator's construction of the agreement, the court would not overrule the arbitrator's decision because its interpretation differed from that of the arbitrator.  
Daniels
, 108 Ill. App. 3d at 555, 439 N.E.2d at 31.

     However, in the instant case, the arbitrator was not construing the limitations period in the context of the agreement of the parties.  Instead, the arbitrator found, as a matter of law, that the limitations period in section 27 of the Act controlled over the notice limitation period in the agreement.  

     The petitioner argues that the arbitrator's conclusion that the Act controlled over the notice provision in the agreement is incorrect.  Section 27 of the Act provides as follows:

     "No 
action shall be maintained under Section 26 of this Act to enforce any liability created by this Act unless brought before the expiration of 3 years after the act or transaction constituting the violation upon which it is based, the expiration of one year after the franchisee becomes aware of facts or circumstances reasonably indicating that he may have a claim for relief in respect to conduct governed by this Act, or 90 days after delivery to the franchisee of a written notice disclosing the violation, whichever shall first expire."  815 ILCS 705/27 (West 1998).

     It is well established that "'[w]ords used in a statute are to be given their plain and commonly understood meaning.'" 
Johnson v. St. Therese Medical Center
, 296 Ill. App. 3d 341, 347, 694 N.E.2d 1088, 1092 (1998), quoting 
Honda of Lisle v. Industrial Comm'n
, 269 Ill. App. 3d 412, 415, 646 N.E.2d 318 (1995).  "Action" is defined as follows:

"'The legal and formal demand of one's right from another person or party made and insisted on in a 
court of justice.  An 
ordinary proceeding
 in a court of justice by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.  It includes all the formal proceedings in a court of justice attendant upon the demand of a right made by one person of another in such court, including an adjudication upon the right and its enforcement or denial by the court.' (Emphasis added.)" 
Johnson
, 296 Ill. App. 3d at 347, 694 N.E.2d at 1092, quoting Black's Law Dictionary 28 (6th ed. 1990).

In 
Johnson
, the court concluded that a supplemental proceeding seeking enforcement of a judgment is not an "ordinary proceeding" and therefore not an "action."  
Johnson
, 296 Ill. App. 3d at 347-48, 694 N.E.2d at 1092-93. 

     We are of the opinion that an arbitration proceeding is, in fact, an "ordinary proceeding."  By statute, it is now a step in the legal process utilized by persons seeking adjudication of their rights and enforcement of those rights.  See 
735 ILCS 5/2-1001A 
et
 
seq.
 (West 1998).  In addition, section 27 refers to section 26, which provides that persons may sue for damages or, in the case of certain violations of the Act, may sue for rescission.  Arbitration proceedings provide a forum pursuant to which a party may sue and recover damages.  Therefore, we reject the petitioner's argument that an arbitration proceeding is not an "action" for purposes of section 27 of the Act.

    
  Section 12 of the Uniform Arbitration Act provides that a court may vacate an award where "[t]he arbitrators exceeded their powers."  710 ILCS 5/12 (3) (West 1998).  An arbitrator has no authority to ignore the plain language of the contract or to interpret unambiguous contract language.  
Perkins Restaurants Operating Co. v. Van Den Bergh Foods Co.
, 276 Ill. App. 3d 305, 310, 657 N.E.2d 1085, 1088 (1995).  In 
Shearson Lehman Brothers, Inc. v. Hedrich
, 266 Ill. App. 3d 24, 639 N.E.2d 228 (1994), the arbitrators, having concluded that the defendants were not wrongfully discharged and therefore not fully vested under their deferred compensation agreements, did not then utilize the formulas contained in the agreement in determining the amount of the award to them.  The reviewing court held that, in ignoring the unambiguous contract language and implementing their own notion of what was reasonable and fair, the arbitrators had exceeded their authority.  
Shearson Lehman Brothers, Inc.
, 266 Ill. App. 3d at 29-30, 639 N.E.2d at 232-33.  

     
In the instant case, the arbitrator did not ignore the notice limitation period contained in the arbitration portion of the agreement, and he did not interpret unambiguous contract language.  Instead, he correctly determined that the notice limitation period of the agreement was in conflict with the Act.  Therefore, we conclude that the arbitrator did not exceed his authority.

     Next, the petitioner contends that the arbitrator exceeded his authority when he determined that the agreement had been wrongfully terminated.

     The petitioner argues that the arbitrator exceeded his authority when, in determining that a wrongful termination had occurred, he ignored the plain language of the parties' agreement which makes it clear that the agreement expired pursuant to its own terms and, instead, found that the term of the franchise agreement was indefinite.  However, the Act's "good cause" termination requirement, found in section 19 (815 ILCS 705/19 (West 1998)), applies equally to the early termination of a fixed-term franchise and to any termination of a franchise for an indefinite period.  
Carl A. Haas Automobile Imports, Inc. v. Lola Cars Ltd.
, 933 F. Supp. 1381, 1393-94 (N.D. Ill. 1996).

     The petitioner then argues that it could not be found to have wrongfully terminated the agreement since the agreement did not require it to renew the master lease.

     In 
Dayan v. McDonald's Corp.
, 125 Ill. App. 3d 972, 

466 N.E.2d 958 (1984), the court addressed for the first time in Illinois what limitation the implied covenant of good faith imposed on franchisor discretion in terminating a franchise agreement.  The court stated as follows:

     "Our research reveals no reported cases in Illinois specifically addressing this point.  However, in 
Seegmiller v. Western Men, Inc.
 (1968), 20 Utah 2d 352, 437 P.2d 892, the Utah Supreme Court held that the implied covenant of good faith limited the power of the franchisor to terminate a franchise agreement without good cause where, by its terms, the franchise was terminable upon 60 days' written notice to the franchisee.  The court stated that

     '***when parties enter into a contract of this character, and there is no express provision that it may be cancelled without cause, it seems fair and reasonable to assume that both parties entered into the arrangement in good faith intending that if the service is performed in a satisfactory manner it will not be cancelled arbitrarily.' [Citation.]" 
Dayan
, 125 Ill. App. 3d at 991, 466 N.E.2d at 972.  

Dayan
 and the cases cited therein stand for the proposition that the implied covenant of good faith restricts franchisor discretion in terminating a franchise agreement to those cases where good cause exists.  See 
Dayan
, 125 Ill. App. 3d at 992, 466 N.E.2d at 973.

           Termination of a franchise must be supported by good cause, and contracts at odds with the statutory scheme of the Act are ineffectual.  
TO-AM Equipment Co. v. Mitsubishi Caterpillar Forklift America, Inc.
, 953 F. Supp. 987, 991 (N.D. Ill. 1997).   
Good cause has been defined as a failure to substantially comply with the obligations under the agreement.  
Dayan
, 125 Ill. App. 3d at 993, 466 N.E.2d at 973.  In this case, there was no allegation that the respondent failed in his obligations under the agreement, and the agreement did not provide that it could be terminated without good cause.  The agreement in this case ended sooner than the August 31, 2000, date set forth in the amendment to the original agreement because the petitioner chose, arbitrarily, not to renew the master lease.  Under 
Dayan
, therefore, the petitioner violated section 19 of the Act when it terminated the agreement.

     As fair and reasonable minds would not disagree with the arbitrator's construction of the agreement, we conclude that the arbitrator did not exceed his authority in concluding that the petitioner had wrongfully terminated the agreement.  

     Next, the petitioner contends that the arbitrator exceeded his authority by awarding punitive damages contrary to an express provision of the agreement which provides that the "arbitrator(s) may not assess punitive or exemplary damages."  The petitioner maintains that the arbitrator's award to the respondent of $5,000 on each of two breach of good-faith and fair-dealing claims constituted an award of punitive damages.  It further argues that the damage awards must be punitive because the arbitrator awarded unspecified damages when he ordered the petitioner to pay to the respondent any sums still owed to him under the agreement.

     Arbitrators may award punitive damages only where the parties have expressly agreed to the arbitrator's authority to award punitive damages.  
Edward Electric Co. v. Automation, Inc.
, 229 Ill. App. 3d 89, 105, 593 N.E.2d 833, 843 (1992).  Therefore, if the arbitrator awarded punitive damages in this case, he would have exceeded his authority.

     In determining whether an award is punitive, the court generally begins by examining the plain wording of the opinion and the award.  
City of Chicago v. American Federation of State, County & Municipal Employees, Council 31
, 283 Ill. App. 3d 446, 451-52, 669 N.E.2d 1311, 1314 (1996).  In the present case, the arbitrator did not characterize the award as compensatory or punitive but simply noted that he was awarding damages for breach of the implied covenant of good faith and fair dealing.  

     The petitioner argues that a breach of the implied covenant of good faith and fair dealing does not constitute a separate cause of action.  
Beraha v. Baxter Health Care Corp.
, 956 F.2d. 1436, 1443 (7th Cir. 1992) (under Illinois law, the covenant of good faith and fair dealing has never been an independent source of duties for the parties to a contract).  
Instead, the covenant guides the construction of explicit terms in an agreement.  
Beraha
, 956 F.2d at 1443.  Thus, the petitioner reasons that the two $5,000 awards must be punitive damages since they are in addition to the compensatory damages awarded.

     However, a recent case has recognized that a cause of action for breach of that covenant exists in the area of lender-mortgagee scenarios.  See 
Voyles v. Sandia Mortgage Corp.
, 311 Ill. App. 3d 649, 655, 724 N.E.2d 1276, 1281 (2000), 
appeal granted
,189 Ill. 2d 682, 731 N.E.2d 772 (2000).  
The 
Voyles
 court rejected the argument that the supreme court's decision in 
Cramer v. Insurance Exchange Agency
, 174 Ill. 2d 513, 675 N.E.2d 897 (1996), precluded the court from finding the existence of an independent cause of action.  The court found 
Cramer
 to be distinguishable in that, in 
Cramer
, the court refused to create a common-law tort on the basis that the legislature had already provided the only available extracontractual remedy in section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 1994)).  
Voyles
, 311 Ill. App. 3d at 655, 724 N.E.2d at 1281.

    Since at least one court in Illinois has recognized a cause of action for breach of the implied covenant of good faith and fair dealing, the arbitrator could properly award damages for a breach of that covenant.  In addition, punitive damages may not be recovered in the absence of compensatory damages.  
Mitchell v. Elrod
, 275 Ill. App. 3d 357, 362, 655 N.E.2d 1104, 1108 (1995).  Contrary to the petitioner's argument, the arbitrator's order requiring the petitioner to pay the respondent the sums due him under the contract was for the breach of the contract provisions requiring it to do so.  The breach of the covenant of good faith and fair dealing is a separate basis for damages.  Here there was only one damage award for each of the two breaches, thus indicating that the arbitrator intended the awards to be compensatory, not punitive in nature.  

     Since the arbitrator's award was compensatory and not punitive, we conclude that he did not exceed his authority.  

     Finally, the petitioner contends that the arbitrator exceeded his authority when he failed to decide all issues presented to him.

     At common law, an arbitration award was void and unenforceable unless it disposed of all matters that had been properly submitted to the arbitrators for their consideration and ruling.  
Harris v. Allied American Insurance Co.
, 152 Ill. App. 3d 88, 89, 504 N.E.2d 151, 152 (1987).  As the court, in 
City of Carlyle v. Village of Beckemeyer
, 243 Ill. App. 460 (1927), explained:

     "'As a general rule, an award of arbitrators, in order to be binding, must follow the contract of submission as made by the parties.  It is not for a board of arbitrators to change the terms of the submission or to determine any matter not therein contained. Their sole authority is the contract of submission. [If the] award is broader or narrower than the submission, the whole award is void.'"  
City of Carlyle
, 243 Ill. App. at 464-65, quoting 
Taylor v. Scott, Foresman & Co.
, 178 Ill. App. 487, 498 (1913).

     In 
Harris
, the reviewing court affirmed the trial court's refusal to confirm the arbitrators' award where the arbitrators determined the issues of liability and damages but failed to determine, as required by the submission to arbitration, whether all or any portion of the damages were due under an automobile insurance policy.  
Harris
, 152 Ill. App. 3d at 89-90, 504 N.E.2d at 153.  See also 
Edward Electric Co.
, 229 Ill. App. 3d at 99, 593 N.E.2d at 839 (an arbitration award may be vacated where it does not dispose of all matters properly).  

     The arbitration award in this case provided that it was "in full settlement of all claims submitted to this arbitration."  There is a presumption that the arbitrators considered and fully determined all matters submitted to them.  
Edward Electric Co.
, 229 Ill. App. 3d at 100, 593 N.E.2d at 840.  

     In this case, the parties submitted to arbitration, "[a]ny controversy relating to this Agreement which the parties cannot mutually resolve."  One of the disputes between the parties was the respondent's claim that the petitioner owed him money under both the account settlement and under a franchise benefit program called Additional Assured Gross Income (AAGI).  The petitioner denied owing the respondent any additional sums.  The arbitrator ordered the petitioner to furnish the respondent with the final financial statements and then to pay the respondent any unpaid sums due him plus interest.

     We agree with the petitioner that the arbitrator did not decide all of the issues presented.  The parties submitted to arbitration, not only the question of whether additional sums were due but also what amounts, if any, were due to the respondent.  It is true that an award is valid even though it does not award a specific sum, and the actual amount of damages remains to be computed.  
Mid-America Regional Bargaining Ass. v. Modern Builders Industrial Concrete Co.
, 101 Ill. App. 3d 83, 87, 427 N.E.2d 1011, 1014 (1981).  However, in this case, the arbitrator's decision, in effect, required the parties to then arbitrate the amount due the respondent even though the question of the amounts due was clearly a controversy that the parties could not mutually resolve and therefore, properly before the arbitrator for decision.

     We conclude that in failing to decide all of the issues presented, the arbitrator exceeded his authority, and therefore, the circuit court erred when it denied the petitioner's petition to vacate the award and granted the respondent's motion to confirm the award.

     Pursuant to section 12(c) of the Uniform Arbitration Act (710 ILCS 5/12(c) (West 1996)), we reverse the judgment of the circuit court, and we remand the cause to the circuit court with directions that the court enter an order vacating the arbitration award and ordering a rehearing before the arbitrator consistent with this opinion.  See 
Johnson v. Baumgardt
, 216 Ill. App. 3d 550, 576 N.E.2d 515 (1991).

     Reversed and remanded with directions.

     CERDA and BURKE, JJ., concur.