2022 IL App (1st) 210842U

FIFTH DIVISION
Order filed: March 25, 2022

No. 1-21-0842

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| RAJEEV JUTLA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 CH 4546 |
| | ) | |
| JEFFREY B. DOVITZ; SANDA L. MAKOWKA; and | ) | |
| COHEN DOVITZ MAKOWKA, LLC f/k/a COHEN | ) | |
| JUTLA DOVITA MAKOWKA, LLC, | ) | Honorable |
| | ) | Raymond W. Mitchell, |
| Defendants-Appellants. | ) | Judge, presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Delort and Justice Cunningham concurred in the judgment.

**ORDER**

¶ 1   *Held*:  We affirm the circuit's order confirming an arbitration award over the Defendants' arguments that the arbitrator exceeded his authority and that the award was imperfect as to matters of form.

¶ 2   Attorneys Jeffrey B. Dovitz and Sandra L. Makowka and the law firm of Cohen Dovitz

Makowka, LLC f/k/a Cohen Jutla Dovitz Makowka, LLC ("the Firm," and collectively, "the

Defendants"), appeal a circuit court order confirming an arbitration award entered in favor of former firm partner Rajeev Jutla. Because the Defendants have presented no valid basis for vacating or modifying the award, we affirm the circuit court's order.

¶ 3    The following factual recitation is derived from the pleadings and exhibits of record.

¶ 4    In 2017, Jutla and Dovitz merged their practice with that of Makowka and David T. Cohen. The newly formed firm's only active members were Jutla, Dovitz, and Makowka, with each having an equal interest in the Firm. Cohen took a passive membership interest in the Firm and agreed to a buyout of that interest over a five-year period in exchange for the Firm's acquisition of his established client relationships.

¶ 5    In 2019, Dovitz and Makowka expelled Jutla from the firm, the details of which are not relevant to the issues on appeal. In the aftermath of the expulsion, Jutla filed a statement of claim requesting arbitration of several claims against the Defendants.

¶ 6    In his subsequent and operative amended statement of claim, Jutla raised five claims for relief: (1) breach of the Firm's operating agreement related to the alleged improper expulsion of Jutla from the Firm, for which Jutla sought monetary damages; (2) breach of fiduciary duty, for which Jutla sought monetary damages; (3) breach of the Firm's operating agreement related to the failure to allow Jutla to conduct an accounting of the Firm's accounts, for which Jutla sought the desired accounting; (4) breach of the Firm's operating agreement related to unpaid distributions, for which Jutla sought the payment of the unpaid distributions; and (5) defamation, for which Jutla sought compensatory and punitive monetary damages.

¶ 7    The parties' selected arbitrator conducted a three-day evidentiary hearing and then entered the award at issue in this appeal. The award declared simply that "[t]he claim of Claimant [Jutla]

is granted" and ordered Dovitz, Makowka, and the Firm, jointly and severally, to pay Jutla $291,516.14 in compensatory damages and $67,200 in attorney fees. The award further provided that it was "in full settlement of all claims and counterclaims submitted to this arbitration" and that "[a]ll claims and counterclaims not expressly granted herein are hereby denied."

¶ 8     The Defendants then filed a request for clarification. They asserted that it was unclear which of Jutla's claims the arbitrator had granted and claimed that it was impossible to decipher which portion of the damages was attributable to Dovitz and Makowka individually and which portion was to be paid by the Firm. They alleged that this latter ambiguity had distinct tax-reporting implications for the Firm. The Defendants therefore requested that the arbitrator clarify the disposition of each individual count and the itemization of the compensatory damages.

¶ 9     The arbitrator denied the request. He noted that the parties had specifically asked that he issue, in their words, a "standard (non-reasoned award) that delineates between compensatory and punitive damages," and he believed that the award complied with that directive. The arbitrator also observed that American Arbitration Association rules limited clarifications to clerical-type errors and did not allow the type of clarification that the Defendants requested.

¶ 10     With the arbitration thus concluded, Jutla applied for the circuit court to confirm the award in accordance with section 11 of the Uniform Arbitration Act ("the Arbitration Act") (710 ILCS 5/11 (West 2020)). The Defendants objected to the confirmation of the award, petitioning instead for the circuit court to vacate the award pursuant to section 12 of the Arbitration Act on the grounds that the arbitrator exceeded his authority by failing to decide all of the issues submitted for arbitration, by failing to adhere to the Firm's operating agreement's method of valuing Jutla's membership interest, and by finding the Defendants to be jointly and severally liable for the entire

damage award. See *id.* § 12. Alternatively, the Defendants requested that the circuit court order the arbitrator to modify or correct the award pursuant to section 13 of the Arbitration Act on the grounds that the alleged errors rendered the award imperfect in a matter of form. See *id.* § 13.

¶ 11    The circuit court denied the Defendants' petition for vacation or modification of the award and granted Jutla's application for confirmation of the award. In doing so, the court reasoned that the arbitrator had faithfully complied with the parties' instruction that he issue a standard, non-reasoned order. The court also found that the award presented no reason to believe that the arbitrator had utilized an incorrect method of valuing Jutla's membership interest, and it saw no error in holding Dovitz and Makowka jointly and severally liable. This appeal follows.

¶ 12    "The standard of review of a circuit court's decision to confirm an arbitration award is *de novo.*" *Asset Acceptance, LLC v. Tyler*, 2012 IL App (1st) 093559, ¶ 42. But the Illinois Supreme Court "has consistently recognized that the judicial review of an arbitral award is extremely limited." *American Federation of State, County & Municipal Employees, AFL-CIO v. Department of Central Management Services*, 173 Ill. 2d 299, 304 (1996) (citing *American Federation of State, County & Municipal Employees v. State of Illinois,* 124 Ill. 2d 246, 254 (1988); *Board of Trustees of Community College District No. 508 v. Cook County College Teachers Union, Local 1600,* 74 Ill. 2d 412, 418 (1979)). Indeed, "[i]t is well established that judicial review of an arbitral award is intended to be more limited than appellate review of a trial court judgment." *Roubik v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 181 Ill. 2d 373, 381 (1998) (citing *Rauh v. Rockford Products Corp.,* 143 Ill. 2d 377, 386 (1991); *Garver v. Ferguson,* 76 Ill. 2d 1, 8 (1979); *Merritt v. Merritt,* 11 Ill. 565, 567–68 (1850)).

¶ 13    Consistent with this narrow standard of review, "an arbitrator's award will not be set aside because of his errors in judgment or mistakes of law or fact." *Garver*, 76 Ill. at 7. There is good reason for this approach:

> " 'Arbitrators are judges chosen by the parties to decide the matters submitted to them, finally and without appeal. As a mode of settling disputes it should receive every encouragement from courts of equity. If the award is within the submission, and contains the honest decision of the arbitrators, after a full and fair hearing of the parties, a court of equity will not set it aside for error either in law or fact. A contrary course would be a substitution of the judgment of the Chancellor in place of the judges chosen by the parties, and would make an award the commencement, not the end, of litigation.' "

*Id.* at 9 (quoting *Burchell v. Marsh*, 58 U.S. 344, 349 (1854)).

¶ 14    The Defendants first make two distinct arguments as to why the award should be vacated. They contend that by failing to make delineated findings as to which counts were granted and, more specifically, by failing to make an express finding as to the value of Jutla's membership interest in the Firm, the arbitrator acted in excess of his authority and failed to provide requisite finality on the issues submitted for arbitration. We see no merit to these arguments.

¶ 15    Subsection 12(a)(3) of the Arbitration Act provides that an arbitration award shall be vacated when an arbitrator exceeds his or her powers. 710 ILCS 5/12(a)(3) (West 2020). The bounds of this authority are generally set forth by the parties. See *Rauh*, 143 Ill. 2d at 387; see also *Western Employers Insurance Co. v. Jefferies & Co., Inc.*, 958 F.2d 258, 262 (9th Cir. 1992) (holding that an arbitration panel exceeded its authority by not providing a statement of facts and conclusions of law when the parties had specifically contracted for such a detailed order in their

arbitration agreement). Based on the directives from the parties in this case, the arbitrator did not exceed his authority. To the contrary, the award's brevity was entirely consistent with the parties' joint instruction that the arbitrator issue a "standard (non-reasoned award) that delineates between compensatory and punitive damages." Because the arbitrator did not deviate from the parties' instructions and appears to have issued an award substantially in the form requested, we cannot say that he exceeded his authority.

¶ 16    Second, the Defendants assert that the unelaborated award should be vacated because it violated the judicially created requirement that an award dispose of all matters properly submitted for consideration. See *Harris v. Allied American Insurance Co.*, 152 Ill. App. 3d 88, 89 (1st Dist. 1987). In this case, the Defendants are particularly concerned with the valuation of Jutla's membership interest in the Firm. Central to this argument is the Defendants' contention that Jutla had in fact sought a determination of the value of that interest, a valuation that the arbitrator did not expressly provide in the award. However, in his amended statement of claim Jutla did not request only a valuation of his membership interest, but rather "monetary damages" compensating him for, among other things, "[t]he loss of the full value of his membership interest in the Firm."

¶ 17    A valuation would presumably be a necessary step in determining the amount of the compensation, but the valuation itself was not Jutla's desired relief. Accordingly, a ruling granting him the damages requested, without an express finding as to how much of the damage award was attributable to the lost membership interest, was consistent with Jutla's prayer for relief, particularly when viewed within the context of the parties' request for a non-reasoned award. The arbitrator, therefore, was not required to specifically address the valuation issue, and his failure to do so does not present grounds for vacation of the award.

¶ 18    Looking beyond that discrete matter to the award as a whole, the award provided the requisite finality as to all of the issues submitted. The award stated that it was "in full settlement of all claims and counterclaims submitted to this arbitration" and declared that "[a]ll claims and counterclaims not expressly granted herein are hereby denied." Thus, although the arbitrator did not specify which claims were granted or denied, the award provided a final ruling on all issues. Because it provided such finality, vacation of the award is not warranted on this basis either.

¶ 19    In the alternative, the Defendants also argue that for two reasons the award should be modified under subsection 13(a)(3) of the Arbitration Act as being "imperfect in a matter of form, not affecting the merits of the controversy." 710 ILCS 5/13(a)(3) (West 2020); see also *id.* § 9 (providing for modification as permitted by section 13). The first alleged imperfection is the arbitrator's above-discussed failure to provide an express finding regarding the value of Jutla's membership interest in the Firm. However, in the absence of a directive from the parties to the contrary, " '[a]rbitrators are not required to state the reasons for their award, and commercial arbitration awards, unlike labor awards, are rarely accompanied by written opinions. The policy underlying this practice seems sound. The parties expect to have their controversy settled with speed and finality.' " *Del Bianco Associates, Inc. v. Adam*, 6 Ill. App. 3d 286, 296 (1st Dist. 1972) (quoting Domke on Commercial Arbitration, § 29.06 (1st ed. 1965)) (holding that the form of an arbitration award was sufficient when it "recited the parties to the proceedings, the finding of the arbitrator, [and] the amount of damages"); *Podolsky v. Raskin*, 294 Ill. 443, 454 (1920) ("It was not necessary for the award to be clothed in technical language or to state each matter considered or that the evidence be set out to show how the arbitrators reached their conclusions of law or fact. A simple announcement of the result of their investigation and deliberations is all the law

requires."). The failure to provide detailed findings in this case is not an imperfection as to a matter of form requiring correction.

¶ 20    The second alleged deficiency as to the form of the award concerns the arbitrator's decision to find Dovitz and Makowka jointly and severally liable for Jutla's damages. The Defendants contend that this finding was erroneous because Dovitz and Makowka were acting in their capacity as managers of the Firm, an LLC, and therefore cannot be held personally liable for the Firm's liabilities. However, the Defendants provide no support for their conclusory assertion that this alleged error concerns a matter of form that can be corrected under subsection 13(a)(3). Rather, this appears to be a complaint about an alleged error of law, and "gross errors of judgment in law or gross mistakes of fact will not vitiate an award, unless the mistake or error appears on the face of the award." *Lemna v. Harry F. Shea & Co.*, 256 Ill. App. 3d 916, 920 (1st Dist. 1993). Given the unelaborated nature of the award in this case, no such gross error of law appears on the face of the award. Correction of the award on this basis is therefore unwarranted.

¶ 21    For the foregoing reasons, we affirm the circuit court's order confirming the award.

¶ 22    Affirmed.